STATE v. CHARLES EDWARD FRAZIER.
AND
STATE v. ARTHUR LEE GIVENS.

(Filed 12 October, 1966.)

**1. Criminal Law § 147—**

Where two defendants are jointly tried for the same offense upon a joint indictment, only a single transcript should be docketed upon their respective appeals. Rule of Practice in the Supreme Court No. 19(2).

**2. Criminal Law § 99—**

Where one defendant moves for nonsuit and offers no evidence after the denial of the motion, the sufficiency of the evidence must be determined upon the facts in evidence when the State rested its case against such defendant, and subsequent testimony in the trial of the other defendant may not be considered.

**3. Automobiles § 85—**

The State's evidence tending to show that an automobile was taken in the absence and without the consent of the owner from its parking place, that in less than ten hours defendants were occupants of the car stopped at a stop light and that both defendants fled from the car precipitously upon the mere approach of officers, is sufficient to support findings by the jury that the vehicle was in the joint possession of both defendants, and that both were guilty of taking the vehicle in violation of G.S. 20-105.

**4. Same—**

The unlawful and unexplained possession of an automobile recently and unlawfully taken from the actual or constructive possession of the owner gives rise to an inference to be considered with other circumstances disclosed by the evidence in determining the question of guilt, but an instruction that such recent possession raises a presumption justifying a conviction is erroneous.

APPEALS by defendants from *McLean, J.,* June 13, 1966, Regular Schedule "A" Criminal Session of MECKLENBURG.

Defendants were indicted jointly in a bill charging that they, on April 17, 1966, "did unlawfully drive and otherwise take and carry away a vehicle, to wit: 1—1956 Dodge, 4-Door, two-tone Green, Motor Number 35059636 automobile not his own, without the consent of the owner thereof, to wit: Joe Lee Morton, with intent to temporarily deprive said owner of his possession of said vehicle, without intent to steal same," a violation of G.S. 20-105.

Each defendant, represented by his separate counsel, pleaded not guilty.

At the conclusion of the State's evidence, each defendant moved for judgment as in case of nonsuit. The motions were overruled and each defendant excepted.

Givens offered no evidence. Frazier offered evidence, including

his personal testimony. The State offered rebuttal evidence. At the conclusion of all the evidence, Frazier again moved for judgment as in case of nonsuit. Frazier's said motion was overruled and he excepted.

As to each defendant, the jury returned a verdict of "guilty as charged in the bill of indictment"; and, as to each defendant, the court pronounced judgment imposing a prison sentence "for a period of not less than twenty (20) nor more than twenty-four (24) months." Each defendant excepted and gave notice of appeal.

The court, having determined that each defendant was unable by reason of his indigency to employ the services of counsel to represent him in the prosecution of his appeal, entered separate orders designating the attorney who had served as trial counsel for each defendant to prosecute his appeal and providing for the payment by Mecklenburg County of all necessary costs incident to perfecting such appeal. As to each defendant, a separate transcript was docketed in this Court.

*Frazier case:*
*Attorney General Bruton and Staff Attorney Vanore for the State.*
*Don Davis for defendant appellant.*

*Givens case:*
*Attorney General Bruton, Assistant Attorney General McDaniel and Staff Attorney Hensey for the State.*
*Charles V. Bell for defendant appellant.*

BOBBITT, J.   Contrary to Rule 19(2) of this Court, two separate transcripts were docketed. The trial was upon a joint indictment of both defendants for the same offense. A single transcript should have been docketed. Rules of Practice in the Supreme Court, 254 N.C. 783, 797; *Conley v. Pearce-Young-Angel Co.*, 224 N.C. 211, 29 S.E. 2d 740; *S. v. Jackson*, 226 N.C. 760, 40 S.E. 2d 417; *Hoke v. Greyhound Corp.*, 227 N.C. 412, 42 S.E. 2d 593.

The appeals must be considered separately. The court's charge to the jury is not included in the transcript docketed by Givens, his sole assignment of error being his exception to the overruling of his motion for judgment as in case of nonsuit at the conclusion of the State's evidence. Frazier's assignments of error are based on exceptions (1) to the overruling of his motion for judgment as in case of nonsuit at the conclusion of all the evidence, (2) to rulings on evidence, and (3) to portions of the court's instructions to the jury.

### APPEAL OF GIVENS.

Under G.S. 15-173, Givens, not having offered evidence, is entitled to have his motion for judgment as in case of nonsuit passed upon on the basis of the facts in evidence when the State rested its case. Hence, we do not consider testimony of Frazier tending to show the association of Frazier and Givens prior to the time they were observed by the officers.

The evidence offered by the State, as shown by the Givens transcript, is summarized, except when quoted, as follows:

Joe Lee Morton, the owner of the Dodge described in the indictment, went to work at the plant of his employer, Riegel Paper Company, at East Fourth Street and King's Drive, Charlotte, N. C., at 4:00 p.m. on Saturday, April 16, 1966. He had parked his car, leaving his keys in it, in a parking lot right beside his employer's plant. When he got off work "about twenty minutes of two," he discovered his car was "missing" and called the police. "(A)bout 2 o'clock," unidentified officers took Morton to the corner of Fifth and North Tryon Streets. His car "was in Butler's Shoe Store," the front "through the plate glass, right through the corner of it." He did not see Frazier or Givens. He did not know either of defendants and had not authorized either of them to operate his car.

At 2:05 a.m. on Sunday, April 17, 1966, two uniformed Police Officers, W. C. Cannon and B. W. Gaddy, observed a Dodge car that fitted the description Morton had given. The officers were traveling in an "unmarked police car," Gaddy driving and Cannon seated to Gaddy's right. The officers followed the car as it proceeded east on West Fifth Street, a one-way street for eastbound traffic. The Dodge, upon reaching Tryon Street, was stopped in obedience to a red traffic light. The police car pulled to the left and alongside of the Dodge. Defendant Frazier was the driver of the Dodge. Defendant Givens was seated to Frazier's right on the front seat. When Officer Cannon got out of the police car to talk to defendants, "they started pulling off" and in doing so the front of the Dodge hit the police car. Both Frazier and Givens jumped out of the Dodge and ran. The officers chased them on foot. Cannon caught and arrested Givens. Gaddy caught and arrested Frazier. The Dodge "went on across Tryon Street" and "ran into the front of Butler's Shoe Store."

It is noted that *the State's evidence*, as shown by the Frazier transcript, is in all material respects in accord with that set forth above.

G.S. 20-105, which creates and defines the criminal offense for which defendants were indicted, provides: "Any person who drives

or otherwise takes and carries away a vehicle, not his own, without the consent of the owner thereof, and with intent to temporarily deprive said owner of his possession of such vehicle, without intent to steal the same, is guilty of a misdemeanor. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking or driving of such vehicle by the same or a different person. Any person who assists in, or is a party or accessory to or an accomplice in any such unauthorized taking or driving, is guilty of a misdemeanor. A violation of this section shall be punishable by fine, or by imprisonment not exceeding two years, or both, in the discretion of the court."

The State's case is based on circumstantial evidence. It was sufficient to permit a jury to find the basic facts narrated below and to draw inferences therefrom.

At and prior to 2:05 a.m. on April 17, 1966, Frazier and Givens were the occupants of Morton's Dodge. The Dodge had been removed from the parking lot, without the consent of Morton, between 4:00 p.m. on April 16, 1966, and 1:40 a.m. on April 17, 1966. The occupancy and use of the Dodge by Frazier and Givens was unlawful and deprived Morton temporarily of the use thereof. When the Dodge was stopped at Fifth and Tryon Streets, the mere approach of the officers caused both defendants, without explanation of their occupancy and use of the Dodge, to jump out of the moving car and attempt to escape arrest.

Defendants were not indicted for the larceny of the Dodge car. However, certain principles, pertinent in trials for larceny, are relevant.

In 52 C.J.S., Larceny § 107(b), the author, in discussing the significance of proof of possession by the accused of recently stolen property, says: "Possession may be personal and exclusive, although it is the joint possession of two or more persons, if they are shown to have acted in concert, or to have been *particeps criminis*, the possession of one participant being the possession of all."

In our view, the unlawful and unexplained occupancy and use of Morton's Dodge by Frazier and Givens under the circumstances disclosed by the evidence, and the precipitous flight of both defendants when approached by the officers, was sufficient to permit and to support a finding by the jury that the Dodge was in the joint possession of Frazier and Givens.

"Where a person is found in possession of recently stolen property, slight corroborative evidence of other inculpatory circumstances tending to show his guilt will support a conviction." Blash-

field, Cyclopedia of Automobile Law and Practice, Volume 8A (Permanent Edition), § 5576 (p. 178).

There is no evidence as to what transpired at the parking lot between the time the Dodge was parked by Morton and the time he quit his work and discovered the Dodge was missing. Although it would seem more likely the Dodge was removed after dark rather than in daylight, only a matter of ten hours or thereabout had elapsed from the time Morton parked his Dodge until the time it crossed North Tryon Street and crashed into the showcase of Butler's Shoe Store.

In our view, the unlawful removal of the Dodge from the parking lot was sufficiently recent to permit an inference, "a permissible deduction from the evidence," Stansbury, North Carolina Evidence (2d Ed.), § 215 (p. 552), that those in unlawful possession thereof, namely, Frazier and Givens, absent explanation, were the persons who removed it unlawfully from the parking lot. This general principle is stated in 1 Wigmore on Evidence, Third Edition, § 153: "Wherever goods have been taken as a part of the criminal act, the fact of the subsequent possession is some indication that the possessor was the taker, and therefore the doer of the whole crime."

Here, the State's case does not depend solely on such inference as the jury may draw from defendants' unlawful and unexplained possession of the Dodge. The immediate flight of both defendants, without explanation, at the mere approach of the officers may be considered more than slight corroborative evidence of the relation between their then unlawful possession and the unlawful removal of the Dodge from the parking lot.

After careful consideration of the circumstantial evidence in the light of the rule stated in S. v. Stephens, 244 N.C. 380, 93 S.E. 2d 431, and subsequent cases in accord therewith, the conclusion reached is that the evidence, when considered in the light most favorable to the State, was sufficient to require submission to the jury and to support the verdict as to both defendants. S. v. Orr, 260 N.C. 177, 179, 132 S.E. 2d 334, 336.

Since Givens' sole assignment of error is without merit, the result on his appeal is "no error."

### APPEAL OF FRAZIER

Although there is no evidence Frazier made any explanation prior to trial of his unlawful possession and use of the Dodge, his testimony at trial included a purported explanation thereof. The credibility of his testimony was for the jury. Suffice to say, there was ample evidence to withstand Frazier's motion at the conclusion of all the evidence for judgment as in case of nonsuit.

According to the Frazier transcript, the court charged the jury as follows: "The Court further instructs you, members of the jury, where an unlawful taking is established, the possession of the thing taken is very generally considered a relevant circumstance tending to establish guilt and when the possession is so recent as to make it extremely probable that the holder is the one who took it; that is where in the absence of explanation he could not have reasonably got possession unless he had taken it himself, there is a presumption justifying and in the absence of such explanation, perhaps requiring, a conviction."

Frazier excepted to and assigns as error the quoted excerpt. The assignment is well taken. With reference to the presumption of fact raised by the possession of goods recently stolen as applied in larceny cases, an instruction quite similar to that challenged by defendant Frazier was held erroneous and entitled the appellant to a new trial. *S. v. McFalls*, 221 N.C. 22, 18 S.E. 2d 700. See also, *S. v. Holbrook*, 223 N.C. 622, 27 S.E. 2d 725.

It is more accurate to refer to the unlawful and unexplained possession of an automobile recently and unlawfully taken from the actual or constructive possession of the owner thereof as giving rise to an inference, an evidential circumstance, that the person having such possession thereof had unlawfully taken it into his possession with intent to deprive the owner of the (temporary) use thereof. This evidential circumstance is to be considered by the jury along with all other circumstances disclosed by the evidence in determining whether the defendant be guilty or not guilty of the crime charged. In our view, the court's instruction as to "a presumption justifying and in the absence of explanation, perhaps requiring, a conviction," was erroneous and prejudicial. Hence, Frazier is entitled to and is awarded a new trial.

As to Givens: No error.

As to Frazier: New trial.