STATE OF NORTH CAROLINA v. BRIAN DOUGLAS EPPLEY
AND ROBERT B. BLOCK, ALIAS JAMES E. BERCH

No. 7226SC104

(Filed 24 May 1972)

1. **Criminal Law § 84; Searches and Seizures § 1— trespassers — standing to object to search**

   Defendants had no standing to challenge the lawfulness of a search of a river cabin occupied by defendants where defendants were trespassers on the property, notwithstanding the State relied on the doctrine of recent possession of stolen property found in the cabin in prosecuting defendants for breaking and entering and larceny.

2. **Criminal Law § 84; Searches and Seizures § 1— lawfulness of search — failure to hold voir dire — absence of prejudice**

   Defendants were not prejudiced by the trial court's denial of their motion for a *voir dire* examination on the question of the legality of a search of a river cabin occupied by defendants, where the evidence shows that defendants were trespassers on the premises and had no standing to contest the validity of the search.

3. **Burglary and Unlawful Breakings § 4; Larceny § 6— stolen items not named in indictment — admissibility**

   In a prosecution for breaking and entering a river cabin and larceny of property therefrom, the trial court properly admitted a rifle stolen from the cabin and found in defendants' possession when they were arrested, notwithstanding the indictment did not charge defendants with larceny of the rifle, since it is competent in such a prosecution to show all of the goods lost and to trace some or all of the articles to a defendant.

4. **Larceny § 2— title to stolen property**

   It is no defense to a larceny charge that title to the property taken is in one other than the person from whom it was taken.

5. **Larceny § 7— joint possession of stolen goods**

   There was sufficient evidence of concerted action to support a finding that defendants were in joint possession of a stolen rifle and a stolen shotgun found in the bottom of a boat in which defendants were riding when arrested, where the evidence showed that defendants were living and traveling together and that they attempted to escape together when pursued by an officer.

6. **Burglary and Unlawful Breakings § 7; Larceny § 8— breaking and entering with intent to commit larceny — larceny resulting from breaking and entering — failure to instruct on misdemeanors**

   In a prosecution for felonious breaking and entering and felonious larceny, the trial court did not err in failing to instruct the jury on the lesser included offenses of nonfelonious breaking and entering and nonfelonious larceny of goods of less than $200 value, where all of

the evidence tends to show that the breaking and entering was for the purpose of larceny and that the larceny was accomplished by breaking and entering. G.S. 14-54; G.S. 14-72.

7. **Burglary and Unlawful Breakings § 5; Larceny § 7— recent possession — insufficiency of evidence**

Evidence that a blanket and sheet taken from a river cabin were found at a public access area across a channel from an island occupied by defendants was insufficient to be submitted to the jury under the doctrine of recent possession on issues of defendants' guilt of breaking and entering and larceny.

APPEAL by defendants from *McLean, Judge,* at the 9 August 1971 Session of MECKLENBURG Superior Court.

The defendants were tried on several bills of indictment with the felonious breaking and entering of and felonious larceny from four river cabins in the Lake Wylie area of Mecklenburg County. Four indictments were returned against each defendant and each of the indictments charged one of the defendants with the felonious breaking and entering of and felonious larceny from one of the cabins.

The defendants entered pleas of not guilty to all of the counts in all of the indictments.

At the trial the State presented evidence which tended to show the following:

On April 8, 1971, Robert M. Tatum, a State Wildlife Protector, was on patrol on Lake Wylie. At about 3:00 p.m. he approached an island in the lake to investigate a boat which was pulled upon the beach of the island. On the island he found defendant Eppley, defendant Block and Eppley's two children. He observed that they were occupying a cabin on the island. Eppley explained that the island was owned by his uncle and that they were camping on the island. Eppley told Officer Tatum that the boat had been left there by its owner while he looked for someone to repair the engine. Tatum then left the island.

Sometime later he observed the defendants and the children riding in the boat. Block was operating the boat in a manner which violated motor boat regulations. Eppley was in the front of the boat with a pistol. Mr. Tatum chased the defendants into a cove and placed them under arrest. In the bottom of the boat he found a .22 caliber rifle (State's Exhibit 1), a shotgun

(State's Exhibit 2) and another shotgun. The exhibits were introduced into evidence.

The defendants were taken to the county jail and locked up. Approximately three hours later Officer Tatum, Officer S. E. Cato of the Mecklenburg County Police, and one or two other officers returned to the river cabin occupied by defendants. They did not have a search warrant. At the cabin they found a number of items which were subsequently identified as having been stolen from three river cabins in the area. Over defendant's objection the articles found in the cabin were introduced into evidence. There was evidence that the three cabins were entered between April 4 and April 8, the date the articles were found in the cabin occupied by defendants.

On 9 April 1971 Officer Cato returned to the Lake Wylie area and searched a public access area across a channel from the island occupied by defendants. He found a blanket and a sheet (State's Exhibits 10 and 9) which were identified as having been taken from a cabin owned by Robert L. Hendricks. The Hendricks' cabin was the fourth cabin listed in the bills of indictment.

There was testimony that the island and cabin occupied by defendants were owned by Duke Power Company and that defendants did not have permission to be occupying the cabin.

The jury found each defendant guilty of four counts of breaking and entering and four counts of larceny. Judgments were entered imposing prison sentences on each defendant.

From the verdicts and judgments, defendants appeal.

*Attorney General Robert Morgan by Assistant Attorney General Charles M. Hensey for the State.*

*Waggoner, Hasty & Kratt by John H. Hasty for defendant appellant, Brian Douglas Eppley.*

*James J. Caldwell for defendant appellant, Robert B. Block, alias James E. Berch.*

CAMPBELL, Judge.

[1] The defendants contend that it was error to admit into evidence the articles found in the search of the river cabin

occupied by defendants because the search was conducted without a warrant. Defendants argue that the State relied upon the doctrine of recent possession to prove its case and that the State should not therefore be permitted to deny that defendants had possession of the cabin and were entitled to the protection of the Fourth Amendment to the United States Constitution. Defendants maintain that if they had possession of the articles sufficient to invoke the doctrine of recent possession, then they also had sufficient possession to give them standing to object to the search of the cabin. Defendants rely upon the case of *Jones v. U. S.*, 362 U.S. 257, 4 L.Ed. 2d 697, 80 S.Ct. 725, 78 A.L.R. 2d 233 (1960).

In *Jones,* the defendant was occupying an apartment as guest of the lessee and with his consent. Police searched the premises and found narcotics. Defendant was charged with possession of narcotics. The defendant contended that the warrant was defective and the evidence obtained thereby was therefore inadmissible. The Court noted that the conviction was based upon defendant's possession of the narcotics, but that the narcotics were admitted into evidence on the theory that defendant did not have possession and therefore had no standing to attack the warrant. The Court then held that occupancy of the apartment with the lessee's consent gave defendant standing to assert the invalidity of the warrant under the Fourth Amendment to the United States Constitution. In so holding, the Court abolished, so far as the protection of the Fourth Amendment is concerned, the technical distinctions, derived from property law, between "lessee," "licensee," "invitee" and "guest." The Court did not, however, abolish the distinction between one in legitimate possession of property and one who is a trespasser. The Court stated the rule in the following manner:

> " . . . No just interest of the Government in the effective and rigorous enforcement of the criminal law will be hampered by recognizing that anyone legitimately on premises where a search occurs may challenge its legality by way of a motion to suppress, when its fruits are proposed to be used against him. This would of course not avail those who, by virtue of their wrongful presence, cannot invoke the privacy of the premises searched. . . . "

By this language the Court excluded from the protection of the Fourth Amendment those who are not legitimately on the prem-

ises. On this basis the *Jones* case is clearly distinguishable from the case before us. In the case before us there was uncontroverted evidence that the island and building occupied by defendants and subsequently searched by the officers were the property of Duke Power Company. Defendants did not have the consent or permission of Duke Power Company to occupy the island and house. They were not legitimately on the premises and therefore they had no standing to challenge the legality of the search by a motion to suppress the evidence.

[2]   Defendants contend that it was error for the trial court to deny their motion for a voir dire examination on the question of the legality of the search. This Court has held that a voir dire examination should be conducted on a motion to suppress the evidence. *State v. Wood,* 8 N.C. App. 34, 173 S.E. 2d 563 (1970). In the case before us, however, the evidence shows without any doubt that defendants were not legitimately on the premises and had no right to contest the validity of the search. Under these circumstances defendants could not have been prejudiced by the trial court's failure to conduct a voir dire. The articles found in the cabin occupied by defendants were properly admitted into evidence.

Defendants moved for nonsuit on two of the indictments on the theory that the evidence obtained from the cabin should be suppressed and that without this evidence the State had failed to prove its case. In view of our holding above that there was no error in the admission of this evidence, the motions for nonsuit were properly denied.

[3]   Both defendants assign as error the introduction into evidence of the rifle and shotgun (State's Exhibits 1 and 2) found in the boat when they were arrested. These exhibits were introduced at the trial to show defendants' possession of goods later identified as having been stolen from one of the river cabins, specifically the cabin of James E. Carriker. Both defendants contend that the indictments against them did not charge them with the larceny of the rifle. They are correct in this argument. However, each defendant was charged with the larceny of the shotgun. The evidence was therefore in support of an allegation in the indictment and was sufficient to sustain a conviction. It was not error to admit the rifle into evidence because it is always competent in a prosecution for breaking and entering and larceny to show all of the goods lost and to

trace some or all of the articles to a defendant. *State v. Richard-son*, 8 N.C. App. 298, 174 S.E. 2d 77 (1970).

**[4]** The evidence indicates that the shotgun was not owned by Carriker, but was instead the property of his father. Defendant Block argues that the State has therefore failed to prove its case. This argument is without merit. " . . . It is no defense to a larceny charge that title to the property taken is in one other than the person from whom it was taken. . . . " *State v. Richard-son, supra.*

**[5]** At the trial the State proceeded on the theory that defendants were found in recent possession of stolen goods. Defendants argue that the rifle and shotgun were found in the bottom of the boat and there was no evidence as to who had possession. This argument has no merit. The State contends that defendants were in joint possession of the shotgun and rifle. The rule is that there may be joint possession of stolen goods by two or more persons if they are shown to have acted in concert, or have been in *particeps criminis*, the possession of one participant being the possession of all. *State v. Frazier*, and *State v. Givens*, 268 N.C. 249, 150 S.E. 2d 431 (1966) ; 52A C.J.S., Larceny, § 107. In this case there is evidence that defendants were living and traveling together and that they attempted to escape together when pursued by Officer Tatum. This is sufficient evidence of concerted action to charge defendants with the joint possession of the shotgun and rifle. For the above reasons the admission into evidence of the rifle and shotgun was proper.

**[6]** The defendants next contend that the trial court erred in not instructing the jury on the lesser included offenses of non-felonious breaking and entering and larceny of goods of less than $200.00 value. All of the State's evidence indicates that the articles alleged to have been taken by defendants were taken during the breaking and entering of the several river cabins. Breaking and entering with intent to commit larceny is a felony, G.S. 14-54, and larceny committed pursuant to a violation of G.S. 14-54 is a felony without regard to the value of the goods stolen. G.S. 14-72. All the evidence is that the breaking and entering in each case was for the purpose of larceny and each larceny was accomplished by breaking and entering. When all the evidence is of the greater offense and there is no evidence of a lesser included offense, the trial court is not required to charge on the lesser included offense, and it would be error

to do so. *State v. Griffin*, 280 N.C. 142, 185 S.E. 2d 149 (1971). Here there was no evidence of a lesser included offense. The trial court's instruction was proper.

The defendants have also assigned as error portions of the trial court's charge on the doctrine of recent possession. We have examined the entire charge carefully and find it to be free from error. Defendants' assignments of error to the charge are overruled.

[7] Defendants' final assignment of error is to the denial of its motions for nonsuit as to the indictments charging the felonious breaking and entering of the Hendricks cabin and felonious larceny from that cabin. (Indictment Nos. 71CR19784 and 71CR19775). The only evidence brought forth at the trial in support of these indictments was the blanket and sheet found at a public access area across a channel from the island occupied by defendants. These items were found the day after defendants' arrest. The State proceeded on the theory of recent possession of stolen goods, but it failed to establish that defendants had ever been in possession of the sheet and blanket. They were found in a public area some distance from, and separated by water from, the island. This evidence is too remote and speculative to charge defendants with possession of these articles. The motions for nonsuit should have been allowed as to Cases Nos. 71CR19784 (2 cases) and 71CR19775 (2 cases.)

For the foregoing reasons, the judgment of the Court below is

Affirmed in Cases Nos. 71CR19371 (2 cases); 71CR19372 (2 cases); 71CR19785 (2 cases); 71CR19363 (2 cases); 71CR19364 (2 cases); and 71CR19776 (2 cases).

Reversed in Cases Nos. 71CR19784 (2 cases) and 71CR19775 (2 cases).

Judges BRITT and GRAHAM concur.