STATE OF NORTH CAROLINA v. WILLIAM PERCELL SOLOMON

No. 7415SC870

(Filed 5 February 1975)

**Burglary and Unlawful Breakings § 5; Larceny § 7— possession of recently stolen property — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for breaking and entering and larceny under the doctrine of possession of recently stolen property where it tended to show that a home was broken into and property was stolen therefrom, including an old penny bearing file marks and other coins, that later the same afternoon defendant was in the company of two men some two miles from the crime scene and was helping them put water in the radiator of a vehicle which had been seen earlier that day near the crime scene, that the stolen penny bearing a file mark was found in the vehicle, and that when deputies approached the vehicle defendant attempted to hide his jacket containing $9.02 in coins.

APPEAL by defendant from *Clark, Judge,* 3 June 1974 Session of Superior Court held in CHATHAM County. Heard in the Court of Appeals 16 January 1975.

Defendant was indicted on charges of felonious breaking and entering and felonious larceny on 27 March 1974 at the

residence of Meade Dark near Pittsboro. He pleaded not guilty and was tried before a jury.

Witnesses for the State testified that shortly after the break-in was discovered defendant was found in the company of two other men standing around an automobile containing some of the stolen property. Defendant put on no evidence but moved for a directed verdict of not guilty. This motion was denied and the case was submitted to the jury with instructions on circumstantial evidence and the doctrine of recent possession. The jury found defendant guilty as charged. From judgment imposed thereon, defendant appealed to this Court.

*Attorney General James H. Carson, Jr., by Associate Attorney Noel Lee Allen, for the State.*

*T. F. Baldwin for defendant appellant.*

ARNOLD, Judge.

Defendant's sole assignment of error is the trial court's denial of his motion for a directed verdict. When by such motion a defendant challenges the sufficiency of circumstantial evidence to go to the jury, the trial court must determine whether a reasonable inference of defendant's guilt may be drawn from the circumstances. *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779; *State v. McKnight,* 279 N.C. 148, 181 S.E. 2d 415; *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755, *cert. denied* 414 U.S. 874; *State v. Cutler,* 271 N.C. 379, 156 S.E. 2d 679. The motion should be denied if there is evidence, considered in the light most favorable to the State, from which the jury could find that a crime has been committed and that defendant committed it. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469.

Viewing the evidence in this manner, we hold that defendant's motion for a directed verdict was properly overruled. Testimony of the State's witnesses tended to show that on the afternoon of 27 March 1974, when he returned home from work, Meade Dark reported these items missing from his house: an RCA television set with instruction booklet taped to the back, a rifle, a shotgun, silver coins, and old pennies including one bearing file marks. Deputy Sheriff Whitt, responding to a call to go to the Dark residence, radioed to Deputies Hipp and Tripp and gave them the description of a vehicle he had seen in the vicinity. Driving by a service station some two miles

away, Hipp and Tripp spotted three black males, one of them defendant, pouring water into the radiator of a car matching that description. They stopped and, with the owner's consent, searched the vehicle. Under the front seat was a paper bag containing silver coins and an old penny bearing file marks identified by Dark. Deputy Whitt arrived and found in the car an instruction booklet for an RCA television set. Deputy Tripp observed defendant, wearing a blue jacket, go into the men's room at the service station and come out without the jacket, which was found in a trash can inside. There was $9.02 in coins inside the pocket.

"When goods are stolen, one found in possession so soon thereafter that he could *not have reasonably got the possession unless* he had stolen them himself, *the law presumes* he was the thief." *State v. Graves,* 72 N.C. 482, 485. This presumption, known as the doctrine of recent possession, obtains when there is proof "[t]hat the property described in the indictment was stolen . . . that the property shown to have been possessed by the accused was the stolen property . . . [and] that the possession was recently after the larceny. . . . " *State v. Foster,* 268 N.C. 480, 485, 151 S.E. 2d 62, 66. When there is additional evidence that the building has been broken into and entered and the property thereby stolen, the presumption is that the possessor is guilty of both larceny and breaking and entering. *State v. Eppley,* 282 N.C. 249, 192 S.E. 2d 441; *State v. Parker,* 268 N.C. 258, 150 S.E. 2d 428.

Citing the case of *State v. English,* 214 N.C. 564, 199 S.E. 920, defendant contends that the doctrine of recent possession does not apply to constructive possession. In *English,* defendant, the owner of a truck found containing stolen goods, put on evidence that he had let a friend borrow the truck on the night before the theft and had gone fishing with others. The North Carolina Supreme Court therefore held it error to deny his motion for nonsuit. But, in *State v. Foster, supra,* at 487, 151 S.E. 2d at 67, the Court said, "It is not always necessary that the stolen property should have been actually in the hands or on the person of the accused, it being sufficient if the property was under his exclusive personal control," and in *State v. Frazier,* 268 N.C. 249, 150 S.E. 2d 431, the Court followed the rule that exclusive possession may be joint possession if persons are shown to have acted in concert or to have been *particeps criminis. See also* Annot., 51 A.L.R. 3d 727 (1973).

In the case at bar, the State's evidence placed defendant two miles from the scene of the crime on the afternoon it was discovered. He was in the company of two men and was helping them put water into the radiator of a vehicle which had been seen earlier about a quarter of a mile from the Dark residence and in which was found an old coin identified as one of the coins stolen. When the deputies approached the car, defendant attempted to hide his jacket inside the pockets of which was found $9.02 in coins. The evidence is sufficient to constitute a showing that the men were in actual joint possession of stolen property and is sufficient to require submission of the question of defendant's guilt to the jury. In the trial court's ruling on defendant's motion for a directed verdict, we therefore find no error.

No error.

Judges VAUGHN and MARTIN concur.