STATE OF NORTH CAROLINA v. TIMOTHY WILLIAM BARTLETT

No. 8525SC246

(Filed 19 November 1985)

1. **Receiving Stolen Goods § 5.2— stolen truck—intoxicated passenger—evidence insufficient**

   Defendant's motion to dismiss a charge of felonious possession of stolen property should have been granted where the State's evidence showed only that defendant was a passenger in a stolen vehicle; the driver, James Alexander, testified that he stole the vehicle while defendant was working; defendant was intoxicated during the time he rode in the truck as a passenger; Alexander picked up defendant at work, drove the truck to Alexander's home in Newton, then to Taylorsville to look for defendant's wife, then back to Newton; Alexander suggested that they go to Maryland; Alexander testified that he never told defendant the truck was stolen, but may have told defendant he should take the truck back while defendant was passed out; the Virginia Highway Patrol officer who arrested defendant testified that defendant was a passenger in the front seat of the truck and intoxicated when arrested; and defendant told the officer that the truck belonged to his boss but could not give a name. G.S. 14-71.1, G.S. 14-72.

2. **Criminal Law § 89.4— felonious possession of stolen property—prior inconsistent statements of witness—admissible for impeachment but not as substantive evidence**

In the prosecution of a passenger in a stolen truck for felonious possession of stolen property, prior inconsistent statements of the driver were admissible for impeachment purposes but not as substantive evidence.

APPEAL by defendant from *Sitton, Judge*. Judgment entered 13 September 1984 in Superior Court, CATAWBA County. Heard in the Court of Appeals 27 September 1985.

Defendant was charged in an indictment with felonious larceny and felonious possession of stolen property. He was tried before a jury and found guilty of felonious possession of stolen goods in violation of G.S. 14-71.1 and 14-72(a).

The essential facts are:

On 20 December 1983 Mr. Luther Cline, owner of Cline Machine Company, notified the sheriff's department that a 1983 "Silverado" Chevrolet pickup truck owned by the company was missing from the Company's premises. Mr. Cline never gave anyone permission to remove the truck. The truck was valued in excess of $9300.00.

At approximately 11:00 p.m. the same day Officer William L. Jones, Jr., of the Virginia State Highway Patrol stopped a 1983 Chevrolet one-half ton pickup truck with a North Carolina license plate on Interstate Highway 81 in Harrisonburg, Virginia. James Alexander was driving the truck and the defendant was seated in the front passenger seat. The officer arrested Alexander for driving under the influence and the defendant for appearing in public in a drunken condition. The vehicle was later discovered to be a stolen vehicle and was subsequently identified by Mr. Cline to be the missing truck. The defendant was turned over to North Carolina authorities.

At trial the State's evidence consisted of the testimony of Luther Cline, Officer Jones and Alexander. The defendant presented no evidence. From a jury verdict of guilty of felonious possession of stolen property and a judgment sentencing him to a term of three years, the defendant appeals.

*Attorney General Thornburg by Assistant Attorney General Sueanna P. Peeler, for the State.*

*Waddell, Mullinax and Childs, by Charles W. Childs, Jr., for the defendant-appellant.*

EAGLES, Judge.

[1] Defendant assigns as error the denial by the trial court of his motion to dismiss the charges against him made at the close of the State's evidence. Defendant was found not guilty of felonious larceny. Denial of the motion with respect to the charge of felonious possession of stolen property is the issue now before the court. Defendant contends that the State's evidence was insufficient to sustain his conviction and that the charge should not have been submitted to the jury. We agree.

In a motion to dismiss, the question presented is whether the evidence is sufficient to support a verdict of guilty on the offense charged, thereby warranting submission of the charge to the jury. The State's evidence as to each element of the offense charged must be substantial. Substantial evidence means more than a scintilla. The evidence considered in the light most favorable to the State and indulging every inference in favor of the State, must be such that a jury could reasonably find the essential elements of the offense charged beyond a reasonable doubt. *State v. Thomas,* 65 N.C. App. 539, 309 S.E. 2d 564 (1983).

The essential elements of felonious possession of stolen property are (1) possession of personal property, (2) valued at more than $400.00, (3) which has been stolen, (4) the possessor knowing or having reasonable grounds to believe the property to have been stolen, and (5) the possessor acting with a dishonest purpose. *State v. Davis,* 302 N.C. 370, 275 S.E. 2d 491 (1981). *See* G.S. Sections 14-71.1 and 14-72.

As to the first element, "[o]ne has possession of stolen property when one has both the power and the intent to control its disposition or use." *In re Dulaney,* 74 N.C. App. 587, 588, 328 S.E. 2d 904, 906 (1985). There may be joint possession of stolen goods by two or more persons if they are shown to have acted in concert. *State v. Eppley,* 14 N.C. App. 314, 188 S.E. 2d 758, *rev'd on other grounds,* 282 N.C. 249, 192 S.E. 2d 441 (1972); *State v.*

---

---

*Solomon*, 24 N.C. App. 527, 211 S.E. 2d 478 (1975) ("exclusive possession [of stolen property] may be joint possession if persons are shown to have acted in concert or to have been *particeps criminis*").

Viewing the evidence in the light most favorable to the State, we find the evidence insufficient to withstand the motion to dismiss. The State's evidence showed only that the defendant was a passenger in the stolen vehicle. Alexander testified that he alone stole the truck while the defendant was working. During the time the defendant rode in the truck as a passenger he was in an intoxicated state. After picking up the defendant at work on the evening of 20 December 1983, Alexander drove the truck to his home in Newton, then to Taylorsville to look for the defendant's wife, then back to Alexander's home in Newton. Alexander suggested that they travel to Maryland as it was his desire to visit relatives there. Alexander testified that he never told the defendant that the truck was stolen. As to the defendant's knowledge concerning the stolen vehicle, the following testimony was elicited from Alexander during direct examination by the State's attorney:

Q. My question is, what did you tell your son-in-law about the truck?

A. Son-in-law?

Q. Stepson, what did you tell Mr. Barlett [sic] where you got the truck?

A. I told him I got it at Cline Shop.

Q. Did you tell him how you came to get it from there?

A. Yes, the keys were in it and I went over walking and looking and I got in it.

Q. Did you tell him that you didn't have permission from anybody to take it?

A. No.

Q. But you told him that you ought to take it back?

A. Yes.

Q. An [sic] that was before you were stopped in Virginia?

A. Yes.

Q. What did he do when you said that?

A. He was passed out in the seat.

Q. You were talking to him while he was passed out?

A. I didn't know he was passed out. Hard to talk and look where you are going at the same time, but when I did he was passed out in the seat there.

Officer Jones of the Virginia State Highway Patrol testified that when he arrested the defendant he was a passenger in the front seat of the truck. He stated that the defendant was intoxicated. He questioned the defendant in his police vehicle concerning the ownership of the truck. The defendant told Officer Jones the truck belonged to his boss but could not give him a name.

We do not find the State's evidence sufficient to show that the defendant had control or could have exercised control over the vehicle. Further, the evidence as to defendant's knowledge that the vehicle was stolen is unclear, State's witness Alexander having testified that the defendant was passed out in the front seat when Alexander mentioned that he (Alexander) ought to take the truck back. No evidence, save for the fact that the defendant and Alexander went looking for defendant's wife in Taylorsville, suggests any dominion or control on the defendant's part. Alexander repeatedly stated on direct examination that he alone stole the truck.

We further find these facts to be distinguishable from the facts in *State v. Frazier*, 268 N.C. 249, 150 S.E. 2d 431 (1966). *Frazier* involved the prosecution of two defendants for unlawfully taking and carrying away a vehicle without the consent of the owner, with intent to deprive the owner of possession, without intent to steal. In *Frazier*, the evidence showed that an automobile was stolen by someone from a parking lot. Ten hours later officers saw one defendant driving the automobile and the other defendant riding as a passenger in the front seat. The officers drove up to question the defendants as they were stopped at a traffic light. When one officer got out of the police vehicle to talk

to the defendants "they started pulling off" and in doing so their automobile struck the police car. Both defendants jumped from their automobile and began to run. The court in *Frazier* stated:

> In our view, the unlawful and unexplained occupancy and use of Morton's Dodge by Frazier and Givens under the circumstances disclosed by the evidence, and the precipitous flight of both defendants when approached by the officers, was sufficient to permit and to support a finding by the jury that the Dodge was in the joint possession of Frazier and Givens.

*Id.* at 252, 150 S.E. 2d at 434.

Here we do not have the additional incriminating evidence of flight. Defendant Bartlett did not attempt to flee upon arrest and questioning. We have here only the unexplained presence in a stolen vehicle by a man as a passenger in such an intoxicated state that he earlier passed out in the vehicle. While evidence that the defendant knew the truck belonged to his boss but could not give his name raises a suspicion of the defendant's guilt, this is not enough. *State v. Ledford*, 24 N.C. App. 542, 211 S.E. 2d 532 (1975).

[2] The State questioned its witness Alexander concerning his prior inconsistent statements. While the statements were admissible for impeachment purposes, they were not substantive evidence against the defendant. Prior statements of a witness that are inconsistent with his present testimony are not admissible as substantive evidence because of their hearsay nature. *State v. Mack*, 282 N.C. 334, 193 S.E. 2d 71 (1972). Thus, these statements could not be considered on the question of nonsuit. *State v. Brannon*, 21 N.C. App. 464, 204 S.E. 2d 895 (1974). The defendant's motion for nonsuit at the close of the State's evidence should have been granted.

Our resolution of this issue disposes of the appeal and makes it unnecessary to consider appellant's remaining assignments of error.

Reversed.

Judges WHICHARD and COZORT concur.