IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-934

Filed 3 June 2026

Pitt County, Nos. 22CR360640-730, 22CR361337-730, 22CR361340-730

STATE OF NORTH CAROLINA

v.

JEFFERY MICHAEL PHELPS

Appeal by Defendant from judgments entered 30 May 2024 by Judge Marvin K. Blount, III, in Pitt County Superior Court. Heard in the Court of Appeals 20 May 2026.

*Attorney General Jeff Jackson, by Assistant Attorney General Ian L. Courts, for the State-Appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Anne M. Gomez, for Defendant-Appellant.*

COLLINS, Judge.

Defendant Jeffery Michael Phelps appeals from judgments entered upon his convictions for two counts of possession of a firearm by a felon and two counts of possession of a weapon of mass destruction. Defendant argues that the trial court erred by denying his motion to dismiss one count of possession of a firearm by a felon premised on his alleged actual possession of a nine-millimeter "ghost gun" because the evidence of that possession was admitted for a limited, non-substantive purpose. Defendant argues, in the alternative, that the trial court erred by denying his motion

to dismiss one count of possession of a firearm by a felon because the evidence showed only the simultaneous possession of the firearms. Defendant also argues that the trial court erred by denying his motion to dismiss one count of possession of a weapon of mass destruction because the evidence showed only the simultaneous possession of the weapons of mass destruction.

Because the evidence of Defendant's alleged actual possession of a nine-millimeter ghost gun was admitted for a limited, non-substantive purpose, there was insufficient evidence to support a conviction of possession of a firearm by a felon based on that alleged possession. Furthermore, under settled precedent interpreting statutes that criminalize possession of "any" firearm or contraband, the evidence supports only one conviction for possession of a weapon of mass destruction. We therefore reverse the trial court's denial of his motion to dismiss one count of possession of a firearm by a felon and one count of possession of a weapon of mass destruction, vacate those convictions, and remand for resentencing.

## I. Factual and Procedural Background

Defendant was indicted for two counts of possession of a firearm by felon and three counts of possession of a weapon of mass destruction. The evidence at trial tended to show the following: Greenville police officers responded to a report of shots fired on Dickinson Avenue. Officers saw James Schultheis and Tameka Best standing next to a Buick with bullet holes in the front bumper and passenger door and two shell casings in the street. Schultheis and Best told the officers that

Defendant had pulled alongside them in a gold Honda with black wheels and fired at their vehicle; Schultheis said he fired one round back. Schultheis showed a photo of Defendant's Honda and told the officers where Defendant potentially lived.

Officers proceeded to the address Schultheis had given them. A Honda matching the description given, with a bullet hole on the driver's side, was parked there. Officers ordered everyone out of the home, including Defendant and his wife, Nicole. The officers conducted a protective sweep, during which they saw firearms in plain view.

Officers obtained a search warrant for the home based on the Dickinson Avenue shooting. Before the search, Nicole told officers that Schultheis had fired at them, she had handed Defendant a handgun, and Defendant had fired back. She said Defendant "put the gun up" in their bedroom either in a safe or a compartment behind a mirror.

While executing the warrant, officers searched the bedroom Defendant and Nicole occupied. In a safe in the bedroom, officers found a loaded nine-millimeter ghost gun.[1] In the sitting area, officers found an AR-15 rifle, a 12-gauge shotgun, a .22-caliber rifle in a hidden compartment, and a .22-caliber handgun, a suppressor, nine-millimeter ammunition, and a grenade-like device in another compartment. SBI bomb technicians determined the grenade-like device to be a practice grenade

---

[1] The ghost gun was described as "an unserialized homemade firearm made with parts generally ordered separately so it's not a solid manufacturer."

- 3 -

containing BBs; the technician testified that if the grenade had operated as intended, it would have "been able to explode." Additional gun parts, ammunition, and drug paraphernalia were found in the bedroom. Two spent 9-millimeter shell casings were found in the driver's seat of Defendant's Honda.

Defendant was arrested wearing an empty shoulder holster and magazine holster. During a recorded jail call, Nicole told Defendant, "They found everything . . . . They found the f[***]ing bomb." Defendant responded, "Alright, well baby, look: just please be calm, alright? I mean, what's gonna happen is what's [unintelligible]."

A certified record showed Defendant's 2011 conviction for first-degree burglary.

Schultheis, Best, and Nicole did not testify at trial: Schultheis was deceased; Best invoked the Fifth Amendment; and Nicole asserted marital privilege. The State did not proceed on any charges arising from the shooting.

Before the State's evidence, the trial court instructed the jury:

> Ladies and Gentlemen of the jury, as I informed you earlier the Defendant is charged with two counts of possession of a weapon of mass destruction, two counts of possession of a firearm by a felon, and one count of possession of methamphetamine. We're not here to address any alleged shooting that occurred before, it's only being offered for context or the investigation. We're not here to decide anything about that.

During an officer's testimony, the court reiterated: "[R]emember my instruction that the shooting or alleged shooting is only offered for showing the context of the investigation and the course of the investigation. You're not to consider it for any other purpose in this case[.]"

The jury found Defendant guilty of two counts of possession of a firearm by a felon and two counts of possession of a weapon of mass destruction. The court imposed a prison sentence of 64 to 114 months. Defendant timely appealed.

## II.    Discussion

Defendant argues that the trial court erred by denying his motion to dismiss one count of possession of a firearm by a felon and one count of possession of a weapon of mass destruction because there was insufficient evidence to support two convictions for each crime.

## A. Standard of Review

We review a trial court's denial of a motion to dismiss de novo. *State v. Chavis*, 278 N.C. App. 482, 485 (2021). When deciding a motion to dismiss, the trial court must determine "whether there is substantial evidence of (1) each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of the offense." *State v. Harris*, 178 N.C. App. 723, 724 (2006) (citation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79 (1980). We view the evidence in the light most favorable to the State, giving

the State the benefit of every reasonable inference and resolving all contradictions in its favor. *State v. Chekanow*, 370 N.C. 488, 492 (2018).

Issues of statutory construction are also reviewed de novo. *State v. Watlington*, 298 N.C. App. 584, 599 (2025).

## B. Possession of a Firearm by a Felon

Defendant argues that the trial court erred by denying his motion to dismiss the possession of a firearm by a felon charge premised on his alleged actual possession of the nine-millimeter ghost gun because the evidence of that possession was admitted for a limited, non-substantive purpose.

N.C. Gen. Stat. § 14-415.1(a) makes it unlawful for a convicted felon to possess "any firearm." N.C. Gen. Stat. § 14-415.1(a) (2024). Possession of contraband may be actual or constructive. *State v. Perry*, 316 N.C. 87, 96 (1986). "A person has actual possession of [contraband] if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use." *State v. Reid*, 151 N.C. App. 420, 428-29 (2002). "Under the theory of constructive possession, a person may be charged with possession of [contraband] when he has both the power and intent to control its disposition or use even though he does not have actual possession." *Id.* at 429 (citation omitted).

In *Garris*, this Court concluded that the legislature's use of the phrase "any firearm" was ambiguous because "it could be construed as referring to a single firearm or multiple firearms." *State v. Garris*, 191 N.C. App. 276, 284 (2008) (citation

- 6 -

omitted). Thus, it was "unclear whether a defendant may be convicted for each firearm he possesses if he possesses multiple firearms simultaneously." *Id.*

Noting that "[t]he rule of lenity forbids a court to interpret a statute so as to increase the penalty that it places on an individual when the Legislature has not clearly stated such an intention[,]" *id.* at 284 (quotation marks and citation omitted), this Court concluded that the defendant could be "sentenced only once for possession of a firearm by a felon based on his simultaneous possession of both firearms." *Id.* at 285; *see also State v. Wiggins*, 210 N.C. App. 128, 134 (2011) (holding that the defendant's use of firearms that he simultaneously obtained and used while committing three substantive offenses over a period of approximately two hours did not support multiple possession-based convictions and sentences); *State v. Whitaker*, 201 N.C. App. 190, 207-09 (2009) (reversing ten of eleven convictions for possession of a firearm by a convicted felon where defendant possessed all eleven firearms simultaneously).

Here, the State does not argue that N.C. Gen. Stat. § 14-415.1(a) imposes multiple penalties for Defendant's simultaneous possession of multiple firearms. Instead, the State argues that there was sufficient evidence to support convictions for two separate counts of possession of a firearm by a felon because each count related to a separate possession at a separate location. Specifically, the State asserts that the evidence demonstrated that Defendant actually possessed the ghost gun at the

scene of the shooting on Dickinson Avenue and constructively possessed firearms in his home—both of which were unlawful due to his felonious status.

Defendant argues that there was insufficient evidence of his alleged actual possession of the ghost gun on Dickinson Avenue because all evidence concerning the shooting—including the statements of Schultheis, Best, and Nicole—was admitted solely to show the context and course of the investigation, not for the truth of the matters asserted.

"When evidence which is admissible . . . for one purpose but not admissible . . . for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly." N.C. Gen. Stat. § 8C-1, Rule 105 (2025). When evidence is admitted for a limited purpose, the jury may consider it only for that purpose and may not use it as substantive evidence for any other matter. *See, e.g., State v. Bartlett*, 77 N.C. App. 747, 752 (1985) (hearsay statements admitted to explain why officers went to a particular location could not be used to prove the truth of the matter asserted or to establish an element of the offense); *see also State v. Alston*, 131 N.C. App. 514, 518-19 (1998), *superseded in part on other grounds by statute as stated in State v. Gaither*, 161 N.C. App. 96, 103 (2003) (hearsay admitted to show the course of an investigation could not be relied upon to prove constructive possession of a firearm).

Here, the trial court twice instructed the jury that the shooting evidence was "only being offered for context or the investigation" and that the jury was "not to

consider it for any other purpose in this case." The State does not challenge the propriety of that limiting instruction nor does it argue that the statements of Schultheis, Best, or Nicole were admissible for their truth under any hearsay exception. Those statements therefore cannot be considered as substantive evidence that Defendant fired a gun on Dickinson Avenue or that the ghost gun found in the safe was the same gun used in the shooting.

Without those statements, the remaining evidence of his actual possession of the ghost gun is as follows: Officers found two spent nine-millimeter shell casings on the driver's seat of Defendant's Honda at his home; a loaded nine-millimeter ghost gun was found in the safe in Defendant's bedroom; and Defendant was wearing an empty holster and magazine holster when arrested. Without the hearsay statements describing the shooting and identifying Defendant as the shooter, there is no substantive evidence that he actually possessed the ghost gun on Dickinson Avenue at the time of the shooting.

The State argues that Defendant's own statements to officers, as recounted at trial, show that he admitted firing a gun in response to being shot at. But those statements were elicited in the same context as the other shooting evidence and were subject to the same limiting instruction: the jury was told that "the shooting or alleged shooting is only offered for showing the context of the investigation and the course of the investigation" and that they were "not to consider it for any other purpose." The State did not request, and the court did not give, a different limiting instruction for

Defendant's statements. Accordingly, all shooting-related evidence was admitted solely for the limited, non-substantive purpose identified by the trial court.

When the evidence is viewed in the light most favorable to the State, but constrained by the trial court's limiting instruction, there is insufficient evidence that Defendant actually possessed the ghost gun on Dickinson Avenue. The conviction for possession of a firearm by a felon premised on that alleged act of possession must therefore be reversed.

This conclusion does not disturb the remaining conviction for possession of a firearm by a felon. As Defendant expressly acknowledges, he "does not dispute that he constructively possessed the guns . . . that were found in the bedroom." That constructive possession, coupled with his prior felony conviction, is sufficient to sustain one conviction for possession of a firearm by a felon.

In light of this conclusion, we need not address Defendant's argument that the trial court erred by denying his motion to dismiss one count of possession of a firearm by a felon because the evidence showed only simultaneous possession of the firearms.

## C. Possession of a Weapon of Mass Destruction

N.C. Gen. Stat. § 14-288.8(a) makes it unlawful to possess "any weapon of mass death and destruction." N.C. Gen. Stat. § 14-288.8(a) (2024). Grenades and silencers are weapons of mass destruction. *Id.* § 14-288.8(c)(1)b, (c)(3) (2024). Whether a defendant can lawfully be convicted of more than one count of possession of a weapon

of mass destruction based on his simultaneous possession of multiple weapons of mass destruction is an issue of first impression.

"The legislature has the discretion to define the allowable unit of prosecution, subject to constitutional limitations." *Watlington*, 298 N.C. App. at 600. When the legislature does not define the precise unit of prosecution with clarity, however, "the court must determine the allowable unit and must resolve any ambiguity in favor of lenity." *Id.* In other words, "the presumption is against multiple punishments in the absence of a contrary legislative intent." *Garris*, 191 N.C. App. at 284 (citation omitted). As explained above, the legislature's use of the phrase "any firearm" in N.C. Gen. Stat. § 14-415.1(a) is ambiguous because "it could be construed as referring to a single firearm or multiple firearms." *Id.* at 283. The Court in *Garris* applied the rule of lenity and concluded that a defendant can be sentenced only once for possession of a firearm by a felon based on his simultaneous possession of two or more firearms. *Id.* at 285.

In *State v. Conley*, the Supreme Court extended *Garris's* reasoning to N.C. Gen. Stat. § 14-269.2(b), which makes it unlawful "to possess or carry . . . *any* gun, rifle, pistol, or other firearm of any kind on educational property[.]" 374 N.C. 209, 212 (2020) (quoting N.C. Gen. Stat. §14-269.2(b)) (emphasis in original). The majority held that simultaneous possession of multiple firearms on school property supports only one conviction. *Id.* at 210.

The Court concluded this result was mandated by its decision in *State v. Smith*, 323 N.C. 439 (1988), wherein the Court engaged in an analogous exercise of statutory interpretation with regard to a statute structurally similar to the one at issue. In *Smith*, the defendant was arrested for selling two obscene magazines and one obscene film to an undercover officer. *Id.* at 440. The defendant was convicted of three separate violations of N.C. Gen. Stat. § 14-190.1(a)(1), which made it unlawful to "sell, deliver or provide, *any* obscene writing, picture, record or other representation or embodiment of the obscene[.]" *Id.* at 440-41 (quoting N.C. Gen. Stat. § 14-190.1(a)(1)) (emphasis added). The Court concluded that the defendant could not be lawfully punished for three separate counts of the offense because the statute was ambiguous as to "the allowable unit of prosecution" when multiple obscene items are sold in a single transaction. *Smith*, 323 N.C. at 441. The Court reasoned that because the statute made "no differentiation of offenses based upon the quantity of the obscene items disseminated," an ambiguity existed as to whether the legislature intended to punish a defendant for the dissemination of "each obscene item" or, instead, "intended that a single penalty attach to the unlawful conduct of intentionally disseminating obscenity." *Id.* Because the statute failed to clearly express the legislature's intent as to the allowable unit of prosecution, the Court resolved this ambiguity in favor of lenity toward the defendant. *Id.* at 441, 444.

In so holding, the Court cited with approval the rule articulated by the United States Supreme Court providing that "if Congress does not fix the punishment for a

- 12 -

federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses[.]" *Id.* at 442 (quoting *Bell v. United States*, 349 U.S. 81, 83-84 (1955)). The Court further found the result was "in accord with the general rule in North Carolina that statutes creating criminal offenses must be strictly construed against the State." *Smith*, 323 N.C. at 444. Accordingly, because the defendant sold the three prohibited items in a single transaction, the Court concluded that "a single sale in contravention of [N.C. Gen. Stat.] § 14-190.1 does not spawn multiple indictments" and, therefore, the defendant could be convicted of only one count of violating the statute. *Id.*

The State argues here, "This Court's series of contemporaneous possession decisions applied in possession of firearms by a felon and contraband cases have not been applied to weapons of mass destruction, and therefore are inapplicable here." However, the phrase "any weapon of mass death and destruction" is structurally identical to the phrases "any firearm" and "any obscene writing, picture, record or other representation or embodiment of the obscene." N.C. Gen. Stat. §§ 14-288.8(a), 14-415.1(a), 14-190.1(a)(1). As in *Garris*, *Conley*, and *Smith*, N.C. Gen. Stat. § 14-288.8(a)'s language is ambiguous as to the allowable unit of prosecution.

Because N.C. Gen. Stat. § 14-288.8(a) is ambiguous as to whether multiple convictions are permitted for the simultaneous possession of more than one weapon of mass destruction on a single occasion, under the rule of lenity, a defendant can be convicted and sentenced only once for possession of a weapon of mass destruction

based on the simultaneous possession of more than one weapon of mass destruction. *See Garris*, 191 N.C. App. at 285; *Conley*, 374 N.C. at 210; *Smith*, 323 N.C. at 444.

The State urges us to adopt the *Conley* dissent's policy-based reasoning[2] and argues the *Conley* majority's analysis is inapplicable here because "weapons of mass destruction represent widely different weapons that can present increasing danger based on quantity." While the State's argument is well taken, the *Conley* majority rejected the dissent's similar policy-based argument, explaining:

> Statutory language is either ambiguous or it is not. Moreover, language that is ambiguous in one statute does not magically shed its ambiguity when used in a second statute just because the evil sought to be addressed in the latter law is deemed to be of greater public concern than that addressed by the former one. We are not permitted to disregard the rule of lenity simply because its application in a particular case may be perceived as inconvenient.

*Conley,* 374 N.C. at 216.

All of the statutes discussed above—N.C. Gen. Stat. § 14-415.1(a) ("any firearm"), N.C. Gen. Stat. § 14-269.2(b) ("any gun, rifle, pistol, or other firearm of any kind on educational property"), N.C. Gen. Stat. § 14-190.1(a)(1) ("any obscene writing, picture, record or other representation or embodiment of the obscene"), and N.C. Gen. Stat. § 14-288.8(a) ("any weapon of mass death and destruction")—share the same

---

[2] Justice Morgan reasoned in his dissent, "An increase in the number of firearms possessed or carried by a person on educational property begets an increase in the dangers faced by those who learn, teach, administrate, work, or are otherwise found in the facilities of these academic institutions or upon their grounds." *Conley,* 374 N.C. at 219 (Morgan, J., dissenting).

core ambiguity in that none of them clearly indicate the intended allowable unit of prosecution. Accordingly, applying the rule of lenity to N.C. Gen. Stat. § 14-288.8(a), we hold that a defendant can be convicted and sentenced only once for possession of a weapon of mass destruction based on the simultaneous possession of more than one weapon of mass destruction.

This result is "in accord with the general rule in North Carolina that statutes creating criminal offenses must be strictly construed against the State." *Smith*, 323 N.C. at 444. Our interpretation is further supported by the fact that the legislature has not amended any of the statutory provisions discussed herein to indicate a different allowable unit of prosecution. "Although, legislative inaction should not, standing alone, be treated as dispositive, the failure of a legislature to amend a statute which has been interpreted by a court is some evidence that the legislature approves of the court's interpretation." *State v. Steen,* 376 N.C. 469, 481 (2020).

Here, the grenade and the silencer were stored together in the same wall compartment, and the State conceded they were "possessed" and "stored" together. Because Defendant can be convicted and sentenced only once for possession of a weapon of mass destruction based on the simultaneous possession of more than one weapon of mass destruction, the trial court erred by denying Defendant's motion to dismiss one count of possession of a weapon of mass destruction.

### III. Conclusion

Defendant can be convicted and sentenced only once for possession of a firearm by a felon under N.C. Gen. Stat. § 14-415.1(a) based on the simultaneous possession of more than one firearm. Because the evidence supports only one conviction for possession of a firearm by a felon, the trial court erred by denying Defendant's motion to dismiss one count of possession of a firearm by a felon. Similarly, Defendant can be convicted and sentenced only once for possession of a weapon of mass destruction under N.C. Gen. Stat. § 14-288.8(a) based on the simultaneous possession of more than one weapon of mass destruction. Because the evidence supports only one conviction for possession of a weapon of mass destruction, the trial court erred by denying Defendant's motion to dismiss one count of possession of a weapon of mass destruction.

We therefore reverse the trial court's denial of his motion to dismiss one count of possession of a firearm by a felon and one count of possession of a weapon of mass destruction, vacate those convictions, and remand for resentencing.

REVERSED IN PART; VACATED IN PART; AND REMANDED FOR RESENTENCING.

Judges WOOD and FLOOD concur.