STATE OF NORTH CAROLINA v. WILLIE BEE SIMPSON

No. 7226SC329

(Filed 24 May 1972)

1. Criminal Law § 155.5— failure to docket record in apt time

Appeal is subject to dismissal where the record on appeal was not docketed within 90 days after the date of the judgment appealed from and no order extending the time for docketing the record on appeal appears in the record. Court of Appeals Rule 5.

2. Criminal Law § 124— inconsistency in verdict

It is not required that the verdict be consistent; therefore, a verdict of guilty of a lessor degree of the crime when all the evidence points to the graver crime, or a verdict of guilty of one count and not guilty on another when the same act results in both offenses, will not be disturbed.

State v. Simpson

3. Larceny § 8— value of stolen property — submission of misdemeanor larceny

Although the only evidence in this larceny prosecution as to the value of the property stolen was the opinion of its owner that it had a fair market value of "about $325.00," the trial court did not err in submitting to the jury an issue of the misdemeanor of larceny of personal property of the value of less than $200.00, since the jury was required to make its own determination as to whether the stolen property had a value of more than $200.00, and in making that determination could properly weigh and consider all of the evidence, including evidence as to the nature of the property stolen.

4. Criminal Law § 115— submission of lesser crime — harmless error

Any error committed by the court in submitting the question of defendant's guilt of a lesser degree of the offense charged is prejudicial to the State and not to the defendant.

APPEAL by defendant from *Copeland, Judge,* 15 November 1971 Criminal Session of Superior Court held in MECKLENBURG County.

Defendant was charged in a two-count bill of indictment with (1) the felonious breaking and entering of the dwelling of one Linda Freeman on Sargeant Drive in Charlotte, N. C., and (2) the felonious larceny after having broken into and entered said dwelling of a television set, radio and other particularly described articles of personal property of the value of $350.00. Defendant pleaded not guilty to both charges. The State's evidence showed the following: At some time between 7:30 a.m. and 3:45 p.m. on 24 November 1970, the Freeman dwelling was broken into and the articles of personal property described in the indictment were removed therefrom. At approximately 2:00 p.m. on the same date a Charlotte City Police Officer in a patrol car observed defendant and four other persons get out of an automobile at a parking lot of a shopping center. Defendant opened the trunk of the car and one of the other persons removed what appeared to be a radio from the trunk and took it into a nearby shop. As the patrol car drove up, the defendant closed the trunk, got back in the car, and drove away alone. The other four persons ran. The patrol car followed defendant, stopped him, and arrested him for operating a vehicle with improper equipment. The vehicle was taken to the police station, where defendant consented to its search. The TV set and certain other articles described in the second count of the indictment were found in the trunk and in other parts of the automobile. Linda Freeman

testified that the fair market value of the items missing from her home on 24 November 1970 was about $325.00.

Defendant testified that he had never been to the Freeman dwelling on Sargeant Drive and did not know where it was; that on the morning of 24 November 1970 one Milton McAfee had employed him to transport the articles from an apartment on Dalton Drive; that he understood the apartment was McAfee's sister's and that she was moving; and that he did not suspect the articles had been stolen until just before the police stopped him.

On the charge contained in the first count of the bill of indictment, the jury found defendant not guilty. On the charge contained in the second count, the jury found defendant guilty of larceny of personal property of the value of less than $200.00. Judgment was entered sentencing defendant to prison for a term of two years as a committed youthful offender under Article 3A, Chapter 148, of the General Statutes. Defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General William F. Briley for the State.*

*W. B. Nivens for defendant appellant.*

PARKER, Judge.

[1] The judgment appealed from is dated 23 November 1971. The record on appeal was docketed in this Court on 29 February 1972, which was more than ninety days after the date of the judgment. No order extending the time for docketing the record on appeal appears in the record. For failure of appellant to docket the record on appeal within the time allowed by the rules of this Court, this appeal is subject to dismissal. Rule 5, Rules of Practice in the Court of Appeals. *State v. Bennett,* 13 N.C. App. 251, 185 S.E. 2d 7; *State v. Squires,* 1 N.C. App. 199, 160 S.E. 2d 550.

[2-4] Nevertheless, we have carefully examined the record, particularly with reference to the questions raised in appellant's brief, and find no prejudicial error. "It is not required that the verdict be consistent; therefore, a verdict of guilty of a lesser degree of the crime when all the evidence points to the graver crime, although illogical and incongruous, or a verdict of guilty on one count and not guilty on the other, when the same act

results in both offenses, will not be disturbed." 3 Strong, N. C. Index 2d, Criminal Law, § 124, p. 39. Appellant, nevertheless, strongly contends that the trial court committed prejudicial error in this case when it submitted the issue of misdemeanor larceny to the jury, since the only evidence presented as to the value of the property stolen was the opinion of its owner that it had a fair market value of "about $325.00." However, the jury was required to make its own determination as to whether the stolen property had a value of more than $200.00, *State v. Cooper*, 256 N.C. 372, 124 S.E. 2d 91, and in making that determination the jury could properly weigh and consider all of the evidence, including the evidence as to the nature of the property stolen. In this case the property involved consisted of ordinary household goods and appliances, and as to such property a jury might properly make a determination of value contrary to the uncontradicted testimony of the State's witness as to her opinion of its value. On the evidence presented in this case, we do not think it was error for the trial court to submit an issue as to misdemeanor larceny. Even if it be considered that the trial court erred in submitting such an issue, the error was prejudicial to the State and not to the defendant. *State v. Rogers*, 273 N.C. 208, 159 S.E. 2d 525; *State v. Chase*, 231 N.C. 589, 58 S.E. 2d 364.

Appeal dismissed.

Chief Judge MALLARD and Judge MORRIS concur.