State v. Chambers

APPEAL by defendant from *Crissman, Judge,* 24 September 1973 Session of Superior Court held in GUILFORD County.

Defendant was indicted for the first degree murder of Jerry McCoy. The State elected to try defendant for second degree murder. He was convicted of that crime, and judgment imposing a prison sentence of not less than 15 nor more than 20 years was entered.

*Attorney General Robert Morgan by Lester V. Chalmers, Jr., Assistant Attorney General, for the State.*

*Bob Scott for defendant appellant.*

STATE OF NORTH CAROLINA v. WILMA CHAMBERS

No. 7426SC317

(Filed 1 May 1974)

Homicide § 30— submission of manslaughter to jury — error favorable to defendant

Even if the court in a trial for second degree murder erred in submitting involuntary manslaughter as a possible verdict to the jury, such error was favorable to defendant, and she is without standing to challenge the verdict finding her guilty of that offense.

APPEAL by defendant from *Chess, Judge,* 12 November 1973 Schedule "D" Criminal Session of Superior Court held in MECK-LENBURG County.

Although charged with the first-degree murder of Carolyn Louise Scott, defendant was tried for second-degree murder. The trial court submitted the case to the jury with instructions to return a verdict of guilty of second-degree murder, guilty of voluntary manslaughter, guilty of involuntary manslaughter, or not guilty. The jury found defendant guilty of involuntary manslaughter, and from judgment imposing prison sentence of 10 years, she appealed.

*Attorney General Robert Morgan, by Assistant Attorney General Myron C. Banks, for the State.*

*T. O. Stennett for defendant appellant.*

BRITT, Judge.

The sole assignment of error presented by defendant is that the trial court erred in charging the jury that they might return a verdict of involuntary manslaughter and providing instructions on that offense. Defendant argues that there was no evidence to support the offense of involuntary manslaughter.

The assignment has no merit. Assuming, *arguendo,* that there was no evidence to support the offense of involuntary manslaughter, the error was favorable to defendant and she is without standing to challenge the verdict finding her guilty of that offense. *State v. Vestal,* 283 N.C. 249, 195 S.E. 2d 297 (1973), cert. den. 414 U.S. 874, 94 S.Ct. 157, 38 L.Ed. 2d 114; *State v. Rogers,* 273 N.C. 208, 159 S.E. 2d 525 (1968); *State v. Simpson,* 14 N.C. App. 456, 188 S.E. 2d 535 (1972).

No error.

Judges HEDRICK and CARSON concur.