STATE v. JACOBS

[105 N.C. App. 83 (1992)]

---

STATE OF NORTH CAROLINA v. FELTON JACOBS, JR.

No. 9116SC65

(Filed 7 January 1992)

1. **Conspiracy § 44 (NCI4th) — sufficiency of evidence of one conspiracy — two convictions — one conviction vacated**

     Evidence was sufficient to support only one conviction of defendant for conspiracy, though he was charged with conspiracy to commit larceny of a motor vehicle and conspiracy to commit burning of personal property, where the evidence tended to show that defendant and two others conspired to steal and burn an officer's car for revenge; the conspiracy lasted for a few hours at most; and all of the roadside meetings concerned where to burn the car.

     **Am Jur 2d, Conspiracy §§ 7-9.**

2. **Larceny § 7.2 (NCI3d) — value of stolen property in excess of $400 — failure to submit misdemeanor larceny — no error**

     The trial court did not err in failing to submit the verdict of misdemeanor larceny to the jury where the only evidence of the value of the car at the time it was stolen was $3,500,

and all defendant's evidence of value related to the car before the owner restored it and made it driveable.

**Am Jur 2d, Larceny §§ 45, 46, 174.**

### 3. Larceny § 6 (NCI3d) — evidence of prior offense — admissibility to show motive

The trial court in a larceny and conspiracy case did not err in allowing the prosecutor to ask defendant if the owner of the stolen car had previously found marijuana in defendant's pants pockets and whether defendant was angry because on that earlier occasion the car owner had arrested him for possession of marijuana, since this evidence was admissible under N.C.G.S. § 8C-1, Rule 404(b) to show defendant's motive to steal and burn the vehicle.

**Am Jur 2d, Larceny § 153.**

APPEAL by defendant from judgment entered 18 May 1990 by *Judge Orlando F. Hudson* in HOKE County Superior Court. Heard in the Court of Appeals 9 October 1991.

The State's evidence presented at trial tended to show the following: In the summer of 1989, William Joseph Humphrey, a lieutenant with the Hoke County Sheriff's Department, owned a 1976 Chevrolet El Camino. The car was in his driveway when he left for work in the evening of 20 July 1989. When he returned on the morning of 21 July 1989 the car was missing. He heard a radio broadcast about a burned abandoned vehicle located on a dirt road a few miles from his home. He drove to this location and saw that the vehicle was his El Camino and that it was burned beyond repair.

The State also presented the testimony of a nineteen-year-old-woman, Neecie Locklear, who said that around 9 p.m. on 20 July 1989 she saw defendant driving a burgundy car down the road in front of her house. He was accompanied by two men whom she identified as Roosevelt "Bad Eye" Woods and Brian Moore. Defendant stopped the car, asked her if she wanted to be a lookout, and said that he was going to "go get that policeman's car." Locklear agreed to go if they would come back with the policeman's car. Twenty to thirty minutes later, the men returned. Defendant was driving Humphrey's car, and Woods was driving the burgundy car. Locklear got into the burgundy car and the group drove around,

stopping several times to discuss where to burn Humphrey's vehicle. Finally, they stopped on a dirt road. The three men then left in Humphrey's car, continuing down the dirt road until they were out of Locklear's sight. They walked back up the road a few minutes later and defendant was carrying a gas can. Locklear said she wanted to see the car. She and defendant walked down the road and saw the car was "blazed up." She testified that defendant said that the men poured gasoline on the car, lit a newspaper, and "threw it on it."

The Hoke County Grand Jury indicted defendant for felonious larceny of a motor vehicle, burning of personal property, conspiracy to commit larceny of a motor vehicle, and conspiracy to commit burning of personal property. Defendant was found not guilty of burning personal property and guilty of felonious larceny and both conspiracies. The trial court sentenced defendant to 16 years imprisonment. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.*

EAGLES, Judge.

On appeal defendant contends that (1) both of defendant's conspiracy convictions must be vacated because there was insufficient evidence that he entered into agreements to do the unlawful acts; (2) one of defendant's conspiracy convictions must be vacated because there was insufficient evidence of two separate agreements; (3) defendant is entitled to a new trial in the larceny case because the trial court refused to submit the verdict of misdemeanor larceny to the jury; and (4) defendant is entitled to a new trial because the trial court erroneously allowed the prosecutor to impeach him with questions and evidence about his possession of marijuana. We agree in part and vacate defendant's conspiracy conviction in 89 CRS 3069. We find no error in the remainder of the trial court's judgment.

[1] Concerning his two convictions for conspiracy, defendant contends first, that both convictions must be vacated because there was insufficient evidence that he entered into any agreement to do the unlawful acts and second, that one conviction must be vacated

because there was insufficient evidence that there were two separate agreements. Here, the State presented sufficient evidence that defendant entered into an agreement to do an unlawful act but insufficient evidence to establish two separate agreements. This Court has said:

> It is well established that the gist of the crime of conspiracy is the agreement itself, not the commission of the substantive crime. It is also clear that where a series of agreements or acts constitutes a *single* conspiracy, a defendant cannot' be subjected to multiple indictments consistently with the constitutional guarantee against double jeopardy. Defining the scope of a conspiracy or conspiracies remains a thorny problem for the courts. . . . However, under North Carolina law multiple overt acts arising from a single agreement do not permit prosecutions for multiple conspiracies. There is no simple test for determining whether single or multiple conspiracies are involved: the essential question is the nature of the agreement or agreements, but factors such as time intervals, participants, objectives, and number of meetings all must be considered.
>
> It is only proper that the State, having elected to charge separate conspiracies, must prove not only the existence of at least two agreements, but also that they were separate.

*State v. Rozier*, 69 N.C. App. 38, 52, 316 S.E.2d 893, 902 (citations omitted) (emphasis in original), *cert. denied*, 312 N.C. 88, 321 S.E.2d 907 (1984).

Here, Neecie Locklear testified that defendant drove up in a car with Woods and Moore and asked if Locklear would be a lookout while he (defendant) went and got the policeman's car. The men left and returned approximately 30 minutes later with Humphrey's car. The group drove around and the participants met several times to decide where to burn the automobile. Applying the factors set out in *Rozier*, the evidence shows that the conspiracy lasted for a few hours at most. Defendant, Moore and Woods were the only participants. The objective was to get revenge against Humphrey by stealing and burning his car. Finally, all of the roadside meetings concerned where to burn the car. After careful consideration of the record, we hold that the evidence establishes the existence of only one agreement and only one conspiracy.

**[2]**  We find defendant's remaining arguments without merit. Defendant contends that the trial court erred by failing to submit the verdict of misdemeanor larceny to the jury. Defendant contends that here there was evidence tending to show the value of the car was $400 or less. We disagree.

> It is unquestioned that the trial judge must instruct the jury as to a lesser-included offense of the crime charged, when there is evidence from which the jury could find that the defendant committed the lesser offense. However, when all the evidence tends to show that the accused committed the crime with which he is charged and there is no evidence of guilt of a lesser-included offense, the court correctly refuses to charge on the unsupported lesser offense. "The *presence of such evidence* is the determinative factor."

*State v. Redfern*, 291 N.C. 319, 321, 230 S.E.2d 152, 153 (1976) (citations omitted) (emphasis in original).

Here, the only evidence of the value of the car at the time it was stolen was $3500. Humphrey testified that he purchased the car in early 1988 and that "it was in need of some restoration to make it driveable." He said that he worked on the car for several months and that in his opinion the fair market value of the car was $3500. Defendant's arguments all relate to the value of the car before the owner restored it and made it driveable. Accordingly, this assignment of error is overruled.

**[3]**  Finally, defendant contends that the trial court erred by allowing the prosecutor to impeach him with questions and evidence about defendant's earlier possession of marijuana. The prosecutor asked defendant whether Lieutenant Humphrey had previously found marijuana in defendant's pants pocket and whether defendant was angry because on that earlier occasion Humphrey had arrested him for possession of marijuana. This evidence was admissible under G.S. 8C-1, Rule 404(b) to show defendant's motive to steal and burn the vehicle. Accordingly, we overrule this assignment of error.

Vacated as to 89-CRS-3069.

No error as to 89-CRS-3070 and 89-CRS-3071.

Chief Judge HEDRICK and Judge GREENE concur.