STATE OF NORTH CAROLINA v. TOMMY LEE OSBORNE

No. COA01-271

(Filed 19 March 2002)

## 1. Larceny— felonious—jury instruction—doctrine of recent possession

The trial court did not err in a felonious larceny case by instructing the jury on the doctrine of recent possession, because: (1) the evidence on the element of possession, viewed in the totality of the circumstances, was sufficient to warrant the trial court's instruction; (2) defendant and the owner of the apartment where the items were taken were the only two people who had access to the apartment during the relevant times, the owner did not change his apartment locks during the relevant times and only did so after his property was missing, defendant had a key and access to the apartment during the times the items were taken, and the possessions were recovered from defendant's bags in the apartment; (3) the fact that defendant was thwarted in returning to actually make off with the goods does not affect the completion of the larceny, and the evidence revealed that defendant had the intent to control the goods and the capability to control the property; and (4) the evidence taken in the light most favorable to the State reveals that defendant's possession of the stolen goods was to the exclusion of all persons not a party to the crime.

## 2. Larceny— felonious—jury instruction—constructive possession

Even though there was no evidence that defendant had a coconspirator, the trial court did not commit plain error in a felonious larceny case by its instruction to the jury on constructive possession that a person could have constructive possession where, although the property is not on his person, he is aware of its presence and has either by himself "or together with others" both the power and intent to control its disposition or use.

## 3. Larceny— felonious—motion to dismiss—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charge of felonious larceny under N.C.G.S. §14-72(a), because: (1) the evidence established that the owner of the property and defendant were the only two people with access to the owner's apartment during the relevant period; (2) the owner's

STATE v. OSBORNE

[149 N.C. App. 235 (2002)]

missing property was discovered in defendant's bags, among his possessions, and in the room where defendant had recently been staying; (3) the owner testified that he never opened defendant's bags and did not place his belongings in defendant's bags; (4) the evidence that the owner's property was discovered mixed in with defendant's possessions in his bags constitutes substantial evidence of the necessary asportation and the necessary intent to permanently deprive the owner of this property; (5) the evidence shows the owner did not consent to defendant's taking the items and placing them in defendant's own bags.; and (6) there was sufficient evidence that defendant took property valued at $1,000 or more.

**4. Larceny— felonious—sufficiency of indictment**

An indictment was sufficient to charge felonious larceny where it alleged that defendant "unlawfully, willfully and feloniously did steal, take, and carry away (see attached list), the personal property of [a named person], such property having a value of $3,700.00. This is in violation of N.C.G.S. 14-72(a)." It was not necessary for the indictment to allege specifically that defendant did not have consent to take the property or that defendant had the intent to permanently deprive the owner of his property.

**5. Larceny— motion to dismiss—variance between dates**

The trial court did not err by denying defendant's motion to dismiss a felonious larceny charge based on an alleged fatal variance between the date alleged in the indictment and the evidence presented at trial, because: (1) defendant has failed to demonstrate how any variance deprived him of an opportunity to present his defense; and (2) although defendant argues the variance was prejudicial in that he relied on an alibi defense, a review of the evidence reveals that defendant did not rely on an alibi defense at trial.

Judge GREENE dissenting.

Appeal by defendant from judgment entered 18 August 2000 by Judge James U. Downs in Watauga County Superior Court. Heard in the Court of Appeals 22 January 2002.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General T. Lane Mallonee, for the State.*

*Marjorie S. Canaday, for defendant-appellant.*

HUNTER, Judge.

Tommy Lee Osborne ("defendant") appeals a conviction for felonious larceny. We hold defendant has failed to show prejudicial error.

The evidence presented at trial tended to establish that in late April 1999, the victim, Thomas Klostermeyer, received a telephone call from his minister asking him to provide defendant a place to stay. Klostermeyer agreed, and defendant moved into Klostermeyer's one bedroom apartment on Tuesday, 27 April 1999. Klostermeyer provided defendant with a key to the apartment, and testified defendant had "the run of the apartment." Klostermeyer allowed defendant to sleep in the living room area. Defendant brought with him several garbage bags full of things and a duffel bag which he stored behind a chair in the living room. No one other than defendant and Klostermeyer had access to the apartment.

Klostermeyer testified he last saw defendant at approximately 1:00 p.m. Friday afternoon, 30 April 1999, when Klostermeyer left the apartment. When Klostermeyer returned home that evening, he began to discover that several of his possessions were missing. He notified the police, and on Saturday, 1 May 1999, he went to the police station to file a report. Upon returning home, Klostermeyer discovered more items missing.

On Sunday morning, 2 May 1999, Klostermeyer changed the locks to his apartment. Defendant's bags were still behind a chair in the living room. Later that day, defendant attempted to enter the apartment, but found that his key no longer worked. Klostermeyer informed defendant that several of his possessions were missing, and that the police had instructed him to notify them when defendant returned to the apartment. Defendant, who appeared to be intoxicated, left the apartment. Klostermeyer notified the police.

On Monday, 3 May 1999, the police located defendant at the Hospitality House, a homeless shelter in Boone, North Carolina. Defendant told the police that if any of Klostermeyer's possessions were in his bags, it was because Klostermeyer put them there. The police brought defendant to Klostermeyer's apartment and instructed him to open his bags. Klostermeyer's missing possessions were in defendant's bags. Defendant testified on his own behalf, maintaining that Klostermeyer placed the items in his bags in an effort to frame him because Klostermeyer did not believe defendant had served enough prison time for a previous sexual abuse conviction.

STATE v. OSBORNE

[149 N.C. App. 235 (2002)]

Over defendant's motion to dismiss the larceny indictment, the trial court submitted to the jury possible verdicts of felonious larceny, non-felonious larceny, and not guilty. On 18 August 2000, the jury returned a verdict of guilty of felonious larceny. The trial court entered judgment thereon, and sentenced defendant as an habitual felon to a minimum of 100 and a maximum of 129 months in prison.

Defendant appeals his conviction for felonious larceny, arguing that the trial court erred in (1) instructing the jury on the doctrine of recent possession; (2) instructing the jury on constructive possession; (3) denying his motion to dismiss the larceny charge for lack of substantial evidence; (4) denying his motion to quash the larceny indictment for failure to set forth the essential elements of larceny; and (5) denying his motion to dismiss the indictment due to a fatal variance between the date alleged on the indictment and the evidence presented at trial.

I.

[1] Defendant first argues the trial court erred in instructing the jury on the doctrine of recent possession because the evidence was insufficient to support the instruction. We disagree.

The trial court's jury instructions on possible theories of conviction must be supported by the evidence. *State v. Carter*, 122 N.C. App. 332, 339, 470 S.E.2d 74, 79 (1996). "The doctrine of recent possession allows the jury to infer that the possessor of certain stolen property is guilty of larceny." *State v. Pickard*, 143 N.C. App. 485, 487, 547 S.E.2d 102, 104, *disc. review denied*, 354 N.C. 73, 553 S.E.2d 210 (2001). Under this doctrine, the State must show three things: (1) that the property was stolen; (2) that defendant had possession of this same property; and (3) that defendant had possession of this property so soon after it was stolen and under such circumstances as to make it unlikely that he obtained possession honestly. *Id.*

In this case, defendant argues that the trial court should not have instructed the jury as to recent possession because the evidence failed to establish the element of possession. He contends the evidence failed to show that he had the requisite intent and capability to control the property in Klostermeyer's apartment.

In order to prove the element of possession under this doctrine, the State need not prove actual physical possession of the property. *State v. Perry*, 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986). Rather, "[p]roof of nonexclusive, constructive possession is sufficient. . . .

Constructive possession exists when the defendant, 'while not having actual possession, . . . has the intent and capability to maintain control and dominion over' the [property]." *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001) (citation omitted). "Where sufficient incriminating circumstances exist, constructive possession of the [property] may be inferred even where possession of the premises is nonexclusive." *State v. Kraus*, 147 N.C. App. 766, 770, 557 S.E.2d 144, 147 (2001). Moreover, this Court has previously emphasized that " 'constructive possession depends on the totality of the circumstances in each case. No single factor controls, but ordinarily the questions will be for the jury.' " *State v. Butler*, 147 N.C. App. 1, 11, 556 S.E.2d 304, 311 (2001) (citation omitted) (emphasis omitted).

Here, the trial court instructed the jury on the theory of constructive possession as a means to satisfy the element of possession. We hold that the evidence on the element of possession, viewed in the totality of the circumstances, was sufficient to warrant the trial court's instruction on the doctrine of recent possession. Klostermeyer's testimony established that defendant moved into his apartment, where he lived alone, on a Tuesday evening. He testified he gave defendant a key to the apartment on that Tuesday, and that defendant was given "the run of the apartment." Klostermeyer testified that defendant was not working at the time. He stated defendant remained in the apartment for four days, until he "disappeared" on Friday evening. Klostermeyer last saw defendant when Klostermeyer left his apartment on Friday at approximately 1:00 p.m. He returned home around 5:30 p.m. and began to discover that various items of his personal property were missing later Friday evening. He stated that the last time he saw some of his possessions was on Monday night, some he last saw on Wednesday night, and some he last saw on Thursday night. He further stated that he also noticed some items were missing on Saturday afternoon. Some of the stolen items Klostermeyer did not realize were missing until they were recovered from defendant's bags. Police Officer Keith Ward testified that Klostermeyer said he and defendant were the only two people who had access to the apartment during the relevant time.

Klostermeyer further testified that he did not change his apartment locks until Sunday morning. Thus, defendant had a key and access to Klostermeyer's apartment from Tuesday until the following Sunday morning. Klostermeyer testified he was away from his apartment on Saturday afternoon, having gone to speak with the police. Klostermeyer's possessions were recovered from defendant's bags in

Klostermeyer's apartment on Monday when the police brought defendant back to the apartment.

We reject defendant's argument that he did not have the capability to control the property, and therefore did not have constructive possession, because he did not have a working key to the apartment at the very moment the goods were discovered. This analysis ignores the totality of the circumstances in that for several days, during which time Klostermeyer's possessions disappeared, defendant had the power and capability to maintain control over the stolen goods. The fact that defendant was thwarted in returning to actually make off with the goods does not affect the completion of the larceny and the evidence that defendant had (1) the intent to control the goods, given that the property was among his possessions in closed bags in the room where he had been staying, and (2) the capability to control the property, given that during the time the items disappeared, defendant and Klostermeyer were the only two people with access to the apartment, and Klostermeyer testified that he did not place any of his property in the bags, nor did he ever open defendant's bags.

The fact that defendant's capability to maintain control over the goods eventually ended just prior to their discovery does not affect the evidence of defendant's constructive possession of the stolen property, particularly where there was no evidence that anyone but the victim had access to the apartment and the stolen goods between the time the locks were changed on Sunday and when the goods were discovered on Monday. *See State v. Lilly*, 25 N.C. App. 453, 455, 213 S.E.2d 418, 419 (1975) (constructive possession satisfied where the stolen property is " '. . . "in any place where it is manifest it must have been put by the act of the [defendant]" ' " (citations omitted)). The trial court did not err in instructing the jury as to the doctrine of recent possession based upon evidence of defendant's constructive possession of the property. *See Butler*, 147 N.C. App. at 11, 556 S.E.2d at 311 (whether totality of circumstances amounts to evidence of constructive possession is jury question).

The dissent argues that it was improper to use the theory of constructive possession because the evidence failed to show that he had exclusive control over the stolen goods. However, as our Supreme Court has noted, "[w]hat amounts to exclusive possession of stolen goods to support an inference of a felonious taking most often turns on the circumstances of the possession." *State v. Maines*, 301 N.C. 669, 675, 273 S.E.2d 289, 294 (1981). The Court noted that "[t]he 'exclusive' possession required to support an inference or presump-

tion of guilt need not be a sole possession but may be joint." *Id.* (citation omitted). The Court further explained that for the inference of guilt based on recent possession to arise where someone other than the defendant has access to the stolen goods, "the evidence must show the person accused of the theft had complete dominion, which might be shared with others [such as with co-conspirators], over the property *or other evidence which sufficiently connects the accused person to the crime.*" *Id.* (emphasis added). "Stated differently, for the inference to arise, the possession in defendant must be to the exclusion of all persons not party to the crime." *Id.* Thus, where the defendant in *Maines* was apprehended in a car containing the stolen goods along with three other people, and the State had failed to show any criminal conspiracy between the four, the State failed to show that defendant had the necessary personal control over the stolen goods. *Id.* at 675-76, 273 S.E.2d at 294.

However, in this case, the evidence, taken in the light most favorable to the State, shows that defendant's possession of the stolen goods was to the exclusion of all persons not a party to the crime. The only other person with access to the apartment was Klostermeyer, who testified that he never touched defendant's bags, never opened defendant's bags, and never placed any of his possessions in defendant's bags. Such evidence, giving the State the benefit of all reasonable inferences, is sufficient evidence to connect defendant to the crime and to establish that he had complete dominion over the stolen goods in his bags. The evidence clearly establishes that no one other than defendant exercised any control over, or possession of, his bags which contained the stolen goods.[1]

[2] Defendant further argues the trial court erred in giving its instruction on constructive possession because it stated that a person could have constructive possession where, although the property is not on his person, he is aware of its presence "and has either by himself or together with others both the power and intent to control it's [sic] disposition or use." Defendant argues the language "or together with others" should not have been included because there was no evidence showing defendant had a co-conspirator. Defendant failed to object to

---

1. Although the dissent states that the principles of constructive possession are not available to support the recent possession doctrine, this Court has held otherwise. *See State v. Carter*, 122 N.C. App. 332, 339, 470 S.E.2d 74, 79 (1996) (trial court did not err in instructing on doctrine of recent possession and constructive possession); *State v. Hardy*, 67 N.C. App. 122, 127, 312 S.E.2d 699, 703 (1984) (evidence was sufficient to support submission of doctrine of recent possession based upon circumstantial evidence of defendant's constructive possession of stolen property).

this instruction following the trial court's charge or when the court specifically asked for any objections or requests.

Defendant has failed to carry his burden of establishing plain error, that being error " 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.' " *State v. Parker*, 350 N.C. 411, 427, 516 S.E.2d 106, 118 (1999) (citation omitted), *cert. denied*, 528 U.S. 1084, 145 L. Ed. 2d 681 (2000). Even if the trial court's instruction "or together with others" was not supported by any evidence of a co-conspirator, defendant has failed to show that, absent this error, the jury would not have convicted him of larceny. These arguments are overruled.

## II.

By his second argument, defendant contends the trial court erred in instructing the jury on the theory of constructive possession where it was unsupported by the evidence. Although defendant objected to the trial court's instructing the jury as to recent possession, he failed to specially object to the instruction on constructive possession. In any event, for the reasons discussed above, the evidence was sufficient to warrant the instruction on constructive possession, and any error in the trial court's use of the "or together with others" language does not rise to the level of plain error.

## III.

[3] Defendant next argues the trial court erred in denying his motion to dismiss the larceny charge because the State failed to present substantial evidence of each element of the charge. ". . . 'A motion to dismiss must be denied where substantial evidence exists of each essential element of the crime charged and of the defendant's identity as the perpetrator. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." ' " *State v. Isenberg*, 148 N.C. App. 29, 41, 557 S.E.2d 568, 576 (2001) (citations omitted). In reviewing the trial court's denial of defendant's motion, we must consider the evidence in the light most favorable to the State, giving it the benefit of every reasonable inference to be drawn from the evidence. *Matias*, 354 N.C. at 551, 556 S.E.2d at 270.

In this case, the State presented substantial evidence of each essential element of felonious larceny. "The essential elements of larceny are that the defendant: 1) took the property of another; 2) car-

ried it away; 3) without the owner's consent; and 4) with the intent to deprive the owner of the property permanently." *Pickard*, 143 N.C. App. at 490-91, 547 S.E.2d at 106. First, the State presented sufficient evidence that defendant took the property of another. The evidence established that Klostermeyer and defendant were the only two people with access to Klostermeyer's apartment during the relevant period. Klostermeyer's missing property was discovered in defendant's bags, among his possessions, and in the room where defendant had recently been staying. Moreover, Klostermeyer testified that he never opened defendant's bags and did not place his belongings in defendant's bags.

Second, the State presented sufficient evidence that there was a carrying away of Klostermeyer's property, however slight. As our Supreme Court noted in *State v. Barnes*, 345 N.C. 146, 478 S.E.2d 188 (1996), ". . . 'the element of taking is complete in the sense of being satisfied at the moment a thief first exercises dominion over the property." *Id.* at 149, 478 S.E.2d at 191 (holding act of larceny complete as soon as defendant removed bag of money from below cash register). " 'A bare removal from the place in which [the defendant] found the goods, though the thief does not quite make off with them, is a sufficient asportation, or carrying away.' " *State v. Carswell*, 296 N.C. 101, 103, 249 S.E.2d 427, 428 (1978) (citation omitted). The evidence that Klostermeyer's property was discovered mixed in with defendant's possessions in his bags constitutes substantial evidence of the necessary asportation.

The State also presented substantial evidence of the third and fourth elements of larceny. The evidence shows Klostermeyer did not consent to defendant's taking the items and placing them in his own bags. Moreover, the fact that the items were discovered in defendant's bags and among his own possessions is sufficient evidence from which a reasonable jury could conclude defendant had the necessary intent to permanently deprive Klostermeyer of this property.

In addition, the State's evidence met the requirement for felonious larceny of establishing that defendant took property valued at $1,000.00 or more. *See* N.C. Gen. Stat. § 14-72(a) (1999) (larceny is felonious where value of stolen goods is at least $1,000.00). We disagree with defendant's contention that there was no evidence defendant took property valued at $1,000.00 at any single time. Klostermeyer testified that one of the missing items was a set of three coins. Klostermeyer stated that in his opinion, the fair market value of the coins was $800.00 to $1,000.00 a piece, for a total fair market value of

$2,400.00 to $3,000.00. We conclude, viewing the evidence in the light most favorable to the State, giving it the benefit of every reasonable inference, that it is reasonable to infer that the coins were taken at one time. This amount is sufficient to meet the value requirement for felonious larceny.

Moreover, Klostermeyer's testimony as to the fair market value of the coin set is sufficient proof of the value amount for felonious larceny. *See State v. Revelle*, 301 N.C. 153, 160, 270 S.E.2d 476, 480 (1980) (victim's opinion testimony as to fair market value of stolen goods sufficient evidence upon which to submit charge of felonious larceny to jury), *overruled on other grounds, State v. White*, 322 N.C. 506, 369 S.E.2d 813 (1988); *see also State v. Jacobs*, 105 N.C. App. 83, 87, 411 S.E.2d 630, 632 (1992); *State v. Haire*, 96 N.C. App. 209, 214, 385 S.E.2d 178, 181 (1989), *cert. denied*, 326 N.C. 265, 389 S.E.2d 117 (1990); *State v. Simpson*, 14 N.C. App. 456, 459, 188 S.E.2d 535, 536 (1972).

The State presented substantial evidence as to all elements of larceny, as well as the value amount required for felonious larceny. The trial court did not err in denying defendant's motion to dismiss the charge. This assignment of error is overruled.

IV.

[4] By his fourth argument, defendant maintains the trial court erred in denying his motion to quash the indictment for its failure to set forth each element of larceny as required by N.C. Gen. Stat. § 15A-924(a)(5) (1999). The indictment alleged in pertinent part that defendant "unlawfully, willfully and feloniously did [s]teal, take, and carry away (see attached list), the personal property of Thomas Richard Klostermeyer, such property having a value of $3,700.00. This is in violation of N.C.G.S. 14-72(a)." Defendant argues that the indictment was insufficient in that it failed to specifically allege that defendant did not have consent to take the property, nor that defendant had the intent to permanently deprive Klostermeyer of his property.

However, the issue of the sufficiency of the language used to charge larceny by the indictment in this case has previously been determined by our Courts. In *State v. Mandina*, 91 N.C. App. 686, 373 S.E.2d 155 (1988), this Court, citing to N.C. Gen. Stat. § 15A-924(a)(5), held the following language in the indictment sufficient to charge larceny: that the defendant ". . . 'unlawfully and wilfully did feloniously steal, take and carry away . . . the personal property of (name of

owner-victim) pursuant to a violation of Section 14-51 of the General Statutes of North Carolina. This larceny was in violation of the following law: N.C.G.S. 14-72(b)(2).' " *Id.* at 690, 373 S.E.2d at 158; *see also State v. White*, 85 N.C. App. 81, 89, 354 S.E.2d 324, 330 (1987) (indictment sufficient to charge larceny where it contained language that the defendant " 'did unlawfully, wilfully, and feloniously steal, take, and carry away another's personal property' "), *affirmed*, 322 N.C. 506, 369 S.E.2d 813 (1988).

Thus, the specific language used in the indictment here has previously been held to be sufficient to charge the offense of larceny. Moreover, we find the indictment sufficient to meet the underlying purpose of an indictment, which is "to ensure that a defendant may adequately prepare his defense and be able to plead double jeopardy if he is again tried for the same offense." *State v. Madry*, 140 N.C. App. 600, 601, 537 S.E.2d 827, 828 (2000).

Although defendant also raises constitutional arguments, contending that the indictment violates his Sixth and Fourteenth Amendment rights, he failed to present these arguments to the trial court. We decline to address these arguments for the first time on appeal. *See State v. Deese*, 136 N.C. App. 413, 420, 524 S.E.2d 381, 386 (appellate court will not consider constitutional arguments neither asserted nor determined in the trial court), *appeal dismissed and disc. review denied*, 351 N.C. 476, 543 S.E.2d 499 (2000). Defendant's assignment of error in overruled.

V.

**[5]** In his final argument, defendant maintains the trial court erred in denying his motion to dismiss the larceny charge due to a fatal variance between the date of the offense alleged on the indictment, and the proof which was offered at trial. The indictment alleged that the offense occurred "on or about May 3, 1999", which was the Monday on which the stolen property was discovered in defendant's bags. Defendant argues the evidence did not show that he committed the larceny on 3 May 1999.

"An indictment must include a designated date or period of time within which the alleged offense occurred." *State v. Stewart*, 353 N.C. 516, 517, 546 S.E.2d 568, 569 (2001). Our Supreme Court has recognized that the time listed in an indictment is not generally an essential element of the crime charged, and thus, "a judgment should not be reversed when the indictment lists an incorrect date or time ' "if

time was not of the essence" ' of the offense, and ' "the error or omission did not mislead the defendant to his prejudice." ' " *Id.* at 517, 546 S.E.2d at 569 (citations omitted). The Supreme Court has determined that a variance as to time is ". . . 'material and of the essence' . . ." where it ". . . 'deprives a defendant of an opportunity to adequately present his defense.' " *Id.* at 518, 546 S.E.2d at 569 (citation omitted). Moreover, we require "that a defendant demonstrate that he or she was misled by a variance, or hampered in his/her defense before this Court will consider the variance error." *State v. Weaver*, 123 N.C. App. 276, 291, 473 S.E.2d 362, 371, *disc. review denied and cert. denied*, 344 N.C. 636, 477 S.E.2d 53 (1996).

Applying these principles here, we hold that any variance in the date alleged on the indictment and the evidence offered at trial does not require reversal of defendant's conviction, as he has failed to demonstrate how any variance deprived him of an opportunity to present his defense. Defendant argues the variance was prejudicial in that he relied on "an alibi defense" which established that on 3 May 1999 he was "out riding his bicycle looking for loose change." However, a review of the evidence reveals defendant did not rely on an alibi defense at trial; rather, defendant asserted throughout trial that the items were placed in his bags by Klostermeyer in an effort to frame him. Defendant never requested that the trial court instruct the jury as to alibi. Therefore, any variance in dates did not hamper the presentation of defendant's defense.

Defendant has failed to establish the presence of prejudicial error.

No error.

Judge TYSON concurs.

Judge GREENE dissents in a separate opinion.

GREENE, Judge, dissenting.

I believe the State failed to present substantial evidence of defendant's recent possession of the stolen goods at issue, and thus, the trial court erred in submitting the felonious larceny charge to the jury.[2] I therefore dissent.

---

2. The State does not argue in its brief to this Court that evidence exists defendant took the property at issue, except under the recent possession doctrine.

**STATE v. OSBORNE**

[149 N.C. App. 235 (2002)]

In order to invoke the doctrine of recent possession and survive a motion to dismiss a larceny charge, the State must present substantial evidence that:

(1) the property described in the indictment was stolen; (2) the stolen goods were found in [the] defendant's custody and subject to his control and disposition to the exclusion of others though not necessarily found in [the] defendant's hands or on his person so long as he had the power and intent to control the goods; and (3) the possession was [discovered] recently after the larceny[.]

*State v. Maines*, 301 N.C. 669, 674, 273 S.E.2d 289, 293 (1981) (citations omitted). Although it is not necessary the stolen property be found either in the hands or on the person of the defendant, the property must be under the defendant's "exclusive personal control."[3] *State v. Foster*, 268 N.C. 480, 487, 151 S.E.2d 62, 67 (1966); *State v. Lewis*, 281 N.C. 564, 567, 189 S.E.2d 216, 219, *cert. denied*, 409 U.S. 1046, 34 L. Ed. 2d 498 (1972). It is not enough that recently stolen items are found in a container belonging to the defendant without some indication the defendant was either in possession of the container or exercised exclusive control over the container at the time the stolen items were found in the container. *State v. English*, 214 N.C. 564, 566, 199 S.E. 920, 921 (1938) (recent possession did not apply when there was no evidence the defendant was in possession of his truck at the time the stolen items were found or at the time the items were placed there); *see State v. McFalls*, 221 N.C. 22, 23-24, 18 S.E.2d 700, 701-02 (1942) (trial court erred in instructing the jury on recent possession where the goods were found in the defendant's cedar chest in an apartment she shared with two other individuals and there was no evidence the defendant placed the goods there or knew of them). Thus, the principles of constructive possession (where possession can be inferred even though it is nonexclusive) are not available to support the recent possession doctrine. 52A C.J.S. *Larceny* § 107, at 595 (1968).

In this case, it is not disputed the property was stolen and its possession discovered recently after the larceny. The question is whether there is substantial evidence the property was found in defendant's "custody and subject to his control and disposition to the exclusion of others." In this case, in viewing the evidence in the light most favorable to the State, the stolen items were not found on defendant's

---

3. I note "exclusive possession may be joint possession if persons are shown to have acted in concert" or as an accomplice. *State v. Solomon*, 24 N.C. App. 527, 529, 211 S.E.2d 478, 480 (1975). In this case, however, there is no evidence of an accomplice.

person but were found in garbage bags containing defendant's personal items. Those bags were located in an apartment, leased by Klostermeyer, in which Defendant had stayed for several days prior to 30 April 1999. At no time during defendant's stay with Klostermeyer did he have exclusive access or control over the apartment.[4] Indeed, after 1 May 1999, defendant had no access to the apartment as the locks were changed on the door on 2 May 1999. Moreover, the State presented no evidence whatsoever that defendant was present in the apartment after 30 April or that the garbage bags were removed from the apartment during the period between 30 April and 3 May 1999, the latter date being the date on which the property was found. In addition, the arresting police officer testified at trial that to the best of his knowledge, defendant had not been in the apartment after 30 April 1999 until taken there on 3 May 1999. Thus, there is no evidence giving rise to the presumption defendant stole the property in question. Accordingly, I would reverse the trial court's denial of defendant's motion to dismiss and reverse the conviction.

---

4. The fact that the possession of the apartment (in which the bags containing the stolen goods were found) was shared with the victim of the larceny in this case is not material; the possession remained nonexclusive.