An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1086

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

STATE OF NORTH CAROLINA

v.                                    Wake County
                                      No. 12 CRS 213765
ANTHONY JOHN SEXTON


Appeal by defendant from judgment entered 14 February 2013 by Judge Michael J. O'Foghludha in Wake County Superior Court. Heard in the Court of Appeals 22 January 2013.

> *Roy Cooper, Attorney General, by Elizabeth A. Fisher, Assistant Attorney General, for the State.*
>
> *Daniel F. Read for defendant-appellant.*


DAVIS, Judge.

Anthony John Sexton ("Defendant") appeals from his conviction for felonious larceny of a dog. On appeal, he argues that the trial court erred by (1) denying his motion to dismiss the charge against him for insufficient evidence; and (2) allowing testimony regarding his temper and use of profane language, his conduct towards one of the State's witnesses, his physical appearance at the time of the subject incident, and his

conduct the day after the incident. After careful review, we conclude that Defendant received a fair trial free from error.

## Factual Background

The State presented evidence at trial tending to establish the following facts: On 16 June 2012, Linwood Marshall ("Mr. Marshall"), Denise Marshall ("Mrs. Marshall"), and their children left for a weekend trip to the beach to celebrate Father's Day. The Marshalls left their dog, Malibu, at their home in Youngsville, North Carolina, having previously arranged for Mrs. Marshall's mother to visit the house and care for Malibu. When Mrs. Marshall's mother visited the house to feed Malibu on 16 June 2012, she discovered that Malibu was not in her pen.

Upon returning home and discovering that Malibu was missing, Mr. Marshall searched the neighborhood for the dog. He learned that one of the neighborhood children had been walking Malibu, that the child had accidentally dropped her leash, and that Malibu then "took off."

The same morning that Malibu was discovered to be missing, Richard Aleksic ("Mr. Aleksic") — who was staying with his girlfriend, Charlene Dossett, in the residence next door to Defendant's home — witnessed Defendant chasing Malibu through a wooded area near his house. Mr. Aleksic saw Defendant grab Malibu's leash and say: "I got you now, you motherf——er. . . .

I'm going to take care of this f——ing sh—t once and for all."

Approximately one month earlier, an altercation had occurred between Mrs. Marshall and Defendant when his dogs chased her while she was walking Malibu. When Mrs. Marshall confronted Defendant about his dogs' behavior, Defendant responded: "[M]y dogs? Your dog comes over here all the time . . . [S]he was over here last week and I got a video of it." After this incident, Mrs. Marshall did not walk Malibu by Defendant's house anymore.

On 17 June 2012, Deputy B.J. Simmons ("Deputy Simmons") of the Wake County Sheriff's Office was on duty and received a call from dispatch to meet Mr. Marshall at his home regarding a missing dog. After Deputy Simmons arrived, Mr. Marshall explained to him that Malibu was missing and that one of their neighbors had seen Defendant "grab what appeared to be their dog." After gathering some information from Mr. Marshall, Deputy Simmons proceeded to knock on Defendant's door, identify himself as a deputy sheriff, and inform Defendant that he was looking for the Marshalls' dog. When Deputy Simmons told Defendant that Mr. Aleksic had seen him grab Malibu the previous day, Defendant replied that he had been at work that Saturday morning and that he did not know Mr. Aleksic.

Two days later, Mr. Aleksic was driving in his car and discovered that Defendant was following him. For approximately

twenty minutes, Defendant continued to follow Mr. Aleksic while making "obscene gestures, giving [him] the finger . . . [and] riding [his] bumper." Mr. Aleksic called the Highway Patrol and was instructed to turn on his four-way flashers. Once Mr. Aleksic did so, Defendant stopped following him. Mr. Aleksic believed that Defendant's actions were "retaliatory" and that Defendant was "trying to scare [him] or trying to run [him] off the road" because Mr. Aleksic "knew the situation" with Malibu.

On 7 August 2012, Defendant was indicted and charged with felonious larceny of a dog in violation of N.C. Gen. Stat. § 14-81(a)(1). A jury trial was held beginning on 13 February 2013 in Wake County Superior Court. The jury found Defendant guilty, and the trial court entered judgment on the jury's verdict. The trial court sentenced Defendant to 6 to 17 months imprisonment, suspended the sentence, and placed Defendant on supervised probation for a period of 24 months. Defendant gave notice of appeal in open court.

**Analysis**

## I. Denial of Motion to Dismiss

Defendant's first argument on appeal is that the trial court erred in denying his motion to dismiss based on the insufficiency of the evidence. Defendant argues that the evidence presented at trial raised only a "mere suspicion" of his guilt of the larceny of Malibu such that dismissal of the

charge was warranted.  We disagree.

A trial court's denial of a defendant's motion to dismiss is reviewed *de novo*.  *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).  When ruling on a motion to dismiss, "the trial court must determine whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense."  *State v. Bradshaw*, 366 N.C. 90, 93, 728 S.E.2d 345, 347 (2012) (citation and quotation marks omitted).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980).

> In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences.  Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve. The test for sufficiency of the evidence is the same whether the evidence is direct or circumstantial or both.  Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence.

*State v. Fritsch*, 351 N.C. 373, 378-79, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L.Ed.2d 150 (2000) (citations and quotation marks omitted).  "If there is any evidence tending to prove guilt or which reasonably leads to this conclusion as a

fairly logical and legitimate deduction, it is for the jury to say whether it is convinced beyond a reasonable doubt of defendant's guilt." *State v. Franklin*, 327 N.C. 162, 171-72, 393 S.E.2d 781, 787 (1990).

To overcome a motion to dismiss a charge of larceny, the State must present substantial evidence that the defendant "1) took the property of another; 2) carried it away; 3) without the owner's consent; and 4) with the intent to deprive the owner of the property permanently." *State v. Osborne*, 149 N.C. App. 235, 242-43, 562 S.E.2d 528, 534 (citation and quotation marks omitted), *aff'd per curiam*, 356 N.C. 424, 571 S.E.2d 584 (2002). Here, the State offered testimony from Mr. Aleksic that Defendant (1) ran after Malibu, chasing her through the wooded area near his house; (2) grabbed Malibu's leash and pulled her back onto his property; and (3) shouted "I got you now, you motherf——er. . . . I'm going to take care of this f——ing sh—t once and for all" after he had grabbed Malibu's leash.

The State's evidence demonstrated that Defendant knew Malibu was the Marshalls' dog and that the Marshalls had not given Defendant consent or permission to take Malibu. *See State v. Moore*, 46 N.C. App. 259, 262, 264 S.E.2d 899, 900 (1980) (concluding that person may be convicted of larceny when he finds and keeps lost property if "at the time he finds the property he knows or has reason to believe that he can ascertain

the owner of the property" (citation omitted)). The State offered circumstantial evidence of Defendant's intent to permanently deprive the Marshalls of their dog through Mr. Aleksic's testimony that he overheard Defendant state he was "going to take care of this f——ing sh—t once and for all" and the fact that Defendant never returned Malibu to the Marshalls.

Furthermore, the fact that Defendant followed Mr. Aleksic's vehicle for approximately twenty minutes under these circumstances allowed the jury to infer that he was trying to intimidate Mr. Aleksic so as to prevent him from testifying against Defendant. *See State v. Brockett*, 185 N.C. App. 18, 26, 647 S.E.2d 628, 635 ("Generally, an attempt by a defendant to intimidate a witness to affect the witness's testimony is relevant and admissible to show the defendant's awareness of his guilt."), *disc. review denied*, 361 N.C. 697, 654 S.E.2d 483 (2007).

Based on all of this evidence, a reasonable juror could have concluded that Defendant was guilty of taking and carrying away Malibu without the Marshalls' consent and with the intent to permanently deprive them of their dog. Accordingly, we hold that the trial court did not err in denying Defendant's motion to dismiss.

## II. Admission of Evidence Concerning Defendant's Conduct and Physical Appearance

Defendant next asserts that the trial court committed plain error by admitting testimony relating to (1) his following Mr. Aleksic's car for approximately twenty minutes; (2) his use of profane language; (3) the "big shaggy beard" he had at the time of the incident and the fact that he shaved it prior to trial; and (4) the fact that he was digging in his backyard with a tractor the day after Malibu was discovered to be missing. Defendant argues that although "individually these irrelevant character attacks and arguments may not have risen to the level of reversible error, taken together they served to deprive [Defendant] of a fair trial." Defendant acknowledges that he did not object to the introduction of this evidence at trial and is, therefore, limited to plain error review on appeal.

Under plain error review, Defendant bears the burden of showing that the alleged error "had a probable impact on the jury's finding that the defendant was guilty." *State v. Lawrence*, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (citation and quotation marks omitted). "[T]he plain error rule may not be applied on a cumulative basis, but rather a defendant must show that *each individual error* rises to the level of plain error." *State v. Dean*, 196 N.C. App. 180, 194, 674 S.E.2d 453, 463 (2009) (emphasis added).

Here, Defendant has failed to make such a showing. He offers no argument or explanation as to how *any* of the alleged

evidentiary errors committed by the trial court — on an individual basis — were "so fundamental that justice could not have been done" or why these errors had a probable impact on the jury's finding of guilt. *State v. Cummings*, 352 N.C. 600, 636, 536 S.E.2d 36, 61 (2000), *cert. denied*, 532 U.S. 997, 149 L.Ed.2d 641 (2001). As our Supreme Court has explained:

> The right and requirement to specifically and distinctly contend an error amounts to plain error does not obviate the requirement that a party provide argument supporting the contention that the trial court's [improper admission of evidence] amounted to plain error, as required by subsections (a) and (b)(5) of Rule 28 [of the North Carolina Rules of Appellate Procedure]. To hold otherwise would negate those requirements, as well as those in Rule 10(b)(2). Defendant's empty assertion of plain error, without supporting argument or analysis of prejudicial impact, does not meet the spirit or intent of the plain error rule.

*Id.* at 636-37, 536 S.E.2d at 61 (internal citations omitted).

Because Defendant has failed to provide this Court with any specific argument as to why the admission of each challenged piece of evidence rose to the level of plain error, he has failed to meet his burden of establishing plain error. *See State v. Wiley*, 355 N.C. 592, 623-24, 565 S.E.2d 22, 44 (2002) (holding that where defendant "asserts plain error but provides no explanation as to why any alleged error rises to the level of plain error. . . . , defendant has effectively failed to argue plain error and has thereby waived appellate review"), *cert.*

*denied*, 537 U.S. 1117, 154 L.Ed.2d 795 (2003).

## Conclusion

For these reasons, we conclude that Defendant received a fair trial free from error.

NO ERROR.

Judges STEELMAN and STEPHENS concur.

Report per Rule 30(e).